### LEAVELL et al. v. LINCOLN COUNTY MUT. FIRE INS. CO.

No. 14382.

Court of Civil Appeals of Texas. Dallas.

Sept. 28, 1951.

224

J. Edwin Fleming, Dallas, Scott, Wilson & Cureton, Waco, for appellants.

Chaney & Davenport, Dallas, J. L. McGarity and Renne Allred, Jr., Austin, for appellee.

CRAMER, Justice.

This is an appeal by appellants from orders overruling their pleas of privilege. The Lincoln County Mutual Fire Insurance Company of Dallas, Texas, hereinafter called "Lincoln," filed its petition in the District Court against R. B. Leavell, a resident of Port Arthur, Jefferson County, Texas, who was, immediately prior to December 21, 1949, the president and treasurer of the Security County Mutual Fire Insurance Company of Port Arthur, Texas, hereinafter called "Security."

Also joined as defendants were the U. S. Trust and Guaranty Company of Waco, McLennan County, Texas, hereinafter called "Guaranty," and Lawyers Surety Corporation of Dallas, Dallas County, Texas, hereinafter called "Lawyers," who had theretofore executed individual fidelity bonds protecting Security against acts of fraud or dishonesty, etc., on the part of Leavell and payable to the Board of Insurance Commissioners of Texas, hereinafter called "Board."

Both Security and Lincoln were county mutual insurance companies organized under art. 4860a–20, Vernon's Tex.Civ.St.

The subject matter of the suit on its merits relates to and arises out of the "sale" of Security to Lincoln as of January 2, 1950 whereby Lincoln reinsured the Security risks and took over the assets and liabilities of Security. Insofar as defendant Leavell is concerned, the suit is for damages alleged to have been sustained by Lincoln by reason of fraudulent representations made by Leavell to one Jordan, president of Lincoln, as to the amount of outstanding claim losses against Security as of December 31, 1949. The suit also seeks an order for an accounting to determine the amount of insurance premiums collected by defendant Leavell on "commercial risks" which Security was not authorized by law to insure, so that in the event Lincoln suffers any monetary damage in connection with cancellation of such policies, it might know the amount of insurance premium commissions retained by defendant Leavell on such illegal risks. The suit is also one for debt in several particulars: (1) It is alleged that as of August 31, 1949 Leavell was indebted to Security in the amount of $1,366.87 and that defendant Leavell has never paid this debt; (2) that Leavell was also personally indebted to Security in the sum of $12,290, representing agent's accounts receivable and that he has not paid such sum to Lincoln, the successor to the Security; (3) that as of December 31, 1949, Security had a bank balance of $436.15 and that said sum has not been received by Lincoln; (4) damages for loss of business in the amount of $20,000 from defendant Leavell for certain alleged damaging acts and conduct subsequent to the "sale" of Security to Lincoln. The suit also seeks to have Lincoln relieved from its obligation of paying the defendant Leavell some $24,000 represented by premium notes personally held by defendant Leavell and which notes were payable by Security to Leavell at the time of the "sale." In this regard the suit asks that defendant Leavell be required to prove he actually paid $24,000 to Security for the notes he holds. In the absence of such showing, the plaintiff seeks relief from this purported obligation. A total recovery of $59,642.50 is sought against defendant Leavell plus any

further damages, if any, shown by an accounting.

The recovery sought against the bonding companies is $13,840.50 (items 1, 2, and 3 above), plus any additional damages shown by an accounting.

The controverting pleas sought to hold venue in Dallas County as against Leavell under subds. 4, 7 and 29a, art. 1995, V.T. C.S., and against Guaranty under the same subdivisions, plus subd. 23.

█ The hearing was before the court without a jury and resulted in the overruling of each appellant's plea of privilege. This appeal has been duly perfected from such orders.

Appellants alone have filed briefs, and we therefore avail ourselves of Rule 419, V.T.R.C.P., and accept appellants' statements as to the facts and the record as correct. Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520.

Points 1 and 2 in appellants' brief complain of the overruling of their pleas because Lincoln failed to prove a cause of action against Leavell based on fraud in Dallas County. The evidence quoted in appellants' brief and their statement with reference thereto disclose that in December 1949 negotiations were entered into between Leavell and Jordan resulting in Lincoln taking over the assets and liabilities of Security, and Lincoln's reinsuring the liabilities of Security. Before closing the deal, Jordan prepared a contract of sale which contained a blank balance sheet to show the assets and liabilities of Security. Leavell was to, and did, fill in the items and amounts in each instance, signed the contract and returned it to Jordan. Jordan also paid the State Department of Insurance to make a regular examination of Security. Although Jordan testified that he relied upon the statements of Leavell and the State Insurance Department report on Security made from Security's books, he also made his own investigation which disclosed claims against Security of over $10,000 in excess of the amount represented by Leavell.

Venue against Leavell being based on fraud committed in Dallas County and against Guaranty as a necessary party to

the cause of action against Leavell, the only questions therefore on this appeal are whether a prima facie case of fraud is made out against Leavell and whether Guaranty is a necessary party to the count against Leavell.

■ In order to sustain a cause of action against Leavell based on fraud, Jordan must have relied on material false representations by Leavell. The record shows in this connection that Jordan did not rely on the representations of Leavell, but that Jordan himself undertook to, and did, make an independent investigation to discover the truth of Leavell's representations; such investigation made before the contract was consummated revealed that Leavell's representations with reference to claim losses were untrue and that such losses amounted to at least $25,564. The record further shows that with such knowledge, Jordan completed the deal. Under such record no actionable fraud is shown. In 20 Tex.Jur., pp. 60, 61, the rule applicable here is stated as follows: "Although the courts, in proper cases, grant relief to one who has relied on the misrepresentations of another although an investigation might have disclosed the true situation, they do not permit a recovery by one who has placed reliance on the results of an independent investigation rather than on the fraudulent representations, nor by one who had knowledge of the falsity of the representations at the time he entered into the transaction. It is as imperative that the party, claiming to have been defrauded, believed the false representations at the time he acted as that they were made in the first place, for assuredly a representation which is known to be false cannot deceive."

■ Jordan having undertaken to discover the truth of Leavell's representations, he was further charged with knowledge of everything a proper investigation would have revealed, and of course could not rely on representations made to him after such investigation revealed that such representations were not true. Holt v. Manley, Tex. Civ.App., 146 S.W.2d 773; Nolan v. Young, Tex.Civ.App., 220 S.W. 154, at page 160; and Patterson v. Bushong et al., Tex.Civ.

App., 196 S.W. 962, at page 966 (writ refused).

Lincoln also seeks to discover the amount of premiums, etc., if any, which have been collected by Leavell and retained by Leavell; also the amount of commissions retained by Leavell; also what part of such commissions has been applied to the expense fund of Security.

■ Upon such items, the action, if one exists, is for accounting and debt, and any fraud which is alleged in connection therewith is merely incidental to, and is not the basis of, venue under subd. 7, art. 1995, supra; Henson v. Henson, Tex.Civ.App., 181 S.W.2d 285; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283, at page 284, and cases there cited.

Jordan also claimed that Leavell represented that all illegally issued policies had been cancelled. On this item there is no direct evidence in the record that Lincoln has, as yet, or will in the future suffer monetary loss by reason of such representations. Although Jordan stated that Lincoln had cancelled many of such policies since the deal was closed, no item or items of money received by Leavell are shown in the record.

No actionable fraud of Leavell sufficient to maintain venue in Dallas County appearing, and venue against Guaranty depending on such a showing against Leavell, venue against neither Guaranty nor Leavell may be retained in Dallas County. Points 1 and 2 are sustained.

Points 3 and 4 assert error in overruling the pleas of privilege for the reason that Lincoln did not prove a cause of action against Lawyers or Guaranty under subd. 4, art. 1995, supra; or that Guaranty had a representative in Dallas County as required by subd. 23, art. 1995, supra.

Our holding of no showing of actionable fraud against Leavell and our additional examination of the entire record sustain appellants on these points. They are sustained.

■ Points 5, 6, and 7 assert the overruling the pleas of privilege, even if it had a cause of action against Lawyers, whose

home office is in Dallas County, was erroneous for the reason that the cause of action against Lawyers is upon a guaranty or surety contract on which Leavell and Guaranty are not obligors, and therefore they are not liable jointly with Lawyers on the alleged cause of action against Lawyers, therefore not under subd. 29a necessary parties in the claim against Lawyers between Lincoln and Guaranty on Guaranty's contract of indemnity. Stephenville, etc., v. Drake et al., Tex.Civ.App., 226 S.W.2d 888, at page 890, syl. 3. Points 5, 6, and 7 are sustained.

For all the reasons stated, the judgment below is reversed and the cause is remanded with instructions to the trial court to sustain each of the pleas of privilege.

Reversed and remanded with instructions.