## ZUNIGA v. ZUNIGA.

### No. 12349.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 28, 1951.

G. Woodson Morris, San Antonio, for appellant.

Schlesinger, Goodstein & Semaan, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a divorce suit. The trial began to a jury, but after the plaintiff, Benito Zuniga, rested his case the trial court granted defendant, Theresa Zuniga's motion for an instructed verdict and, based upon the instructed verdict, rendered judgment for defendant, denying the divorce. Benito Zuniga has prosecuted this appeal.

Appellee has not favored us with a brief and accordingly we will accept appellant's statements as to the record and the evidence as being correct. Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520. Rule 419, Texas Rules of Civil Procedure.

Appellant sought a divorce on the ground set forth in Sec. 2 of Art. 4629, Vernon's Ann.Civ.Stats., commonly called "cruel treatment." Appellant offered evidence if believed which established that:

(1) Defendant had syphilis before and at the time she married plaintiff and withheld same from him;

(2) Defendant constantly picked quarrels with plaintiff;

(3) Defendant threatened to go out with other men.

(4) Defendant insisted on plaintiff's coming home from a military post 300 miles away every week-end;

(5) Defendant left the domicile provided for by plaintiff;

(6) Defendant refused plaintiff his marital rights with respect to conjugal relations;

(7) Defendant refused to cook for and wash military uniforms for plaintiff;

(8) Defendant cursed and used abusive language toward plaintiff;

(9) Defendant has an unusually vile temper;

(10) Defendant caused plaintiff's family mail to be sent to her address;

(11) Defendant admitted that she was "no good."

■ This proof was sufficient to raise issues which should have been submitted to the jury. The trial judge made no independent finding as to whether or not the evidence was full and satisfactory.

■ While findings of a jury in a divorce case are advisory only, yet it is the duty of the court, where the evidence warrants, to submit such issues to the jury and secure jury findings on such facts. His failure to do so is reversible error. Baker v. Baker, Tex.Civ.App., 104 S.W.2d 531, 533; Skop v. Skop, Tex.Civ.App., 201 S. W.2d 77.

The judgment is reversed and the cause remanded for a new trial.