Louie W. BELL and Walter Bell, Appellants,

v.

JASPER LUMBER CORPORATION et al., Appellees.

No. 6036.

Court of Civil Appeals of Texas. Beaumont.

Feb. 16, 1956.

Rehearing Denied March 14, 1956.

R. F. King, Hemphill, for appellants.

Joe H. Tonahill, Jerry Fortenberry, Jasper, for appellees.

R. L. MURRAY, Chief Justice.

This is a plea of privilege case. Appellants as plaintiffs sued appellees in the district court of Sabine County, for damages and waste to their land in Sabine County. The petition was verified. The appellees filed their plea of privilege in due form, praying for the suit to be transferred to the district court of Jasper County. A copy of such plea of privilege was sent to the office of appellants' attorney by certified mail, and a return receipt therefor was given by an employee of appellants' counsel. Appellants' counsel actually received a copy of the plea of privilege more than ten days before he attempted to file a controverting affidavit. A hearing was begun on the hearing on such plea and controverting affidavit, but when the learned trial judge discovered that the controverting affidavit was filed more than ten days after actual receipt of the plea of privilege by appellants' counsel, he entered an order sustaining the plea of privilege and transferring the case to Jasper County. Appellants, not without some difficulty, have perfected their appeal to this court.

Appellants contend on appeal that the controverting affidavit was filed in time; that they had until ten days after appearance day in which to file the affidavit. This is incorrect. Rule 86, Texas Rules of Civil Procedure, as amended effective January 1, 1955, now requires that the controverting affidavit be filed within ten days after the party or his attorney of record received the copy of the plea of privilege. Said Rule 86 also provides that "such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue." When such plea of privilege was filed and no controverting affidavit was filed within ten days after counsel of record of appellants actually received a copy of the plea, the district court of Sabine County was without jurisdiction to enter any order other than the order which it did enter, transferring the case to the district court of Jasper County. John E. Quarles Co. v. Lee, Tex.Com.App., 58 S.W.2d 77; Bogle v. Landa, 127 Tex. 317, 94 S.W.2d 154; Calvert Fire Ins. Co. v. Carroll, Tex.Civ.App., 231 S.W.2d 490; Security State Bank v. General Lloyds Fire and Casualty Company, Tex.Civ.App., 256 S.W.2d 185.

Appellants' counsel first contends that he did not need to file a controverting affidavit, because the petition filed was a verified one, and thus was of equal dignity with the verified plea of privilege filed by appellees. He next contends that the copy

of the appellees' plea of privilege was delivered by "certified mail", and not by registered mail as required by the rules of civil procedure, and hence he was not required to answer the plea. He also says the judgment or order sustaining the plea of privilege was incorrect because it orders the costs paid by appellants, instead of ordering the costs taxed against them as provided by the rules. We disagree with all these contentions. Our view of the matter is disclosed above in our discussion of the effect of Rule 86, since January 1, 1955.

The trial court's order and judgment are correct, and it is accordingly affirmed.