**T. B. BAILEY, Appellant,**

v.

**DeWitt PARKER, Appellee.**

No. 6696.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 16, 1957.

W. S. Birge, Amarillo, for appellant.

E. T. Miller and Harold D. Sanderson, Amarillo, for appellee.

PITTS, Chief Justice.

■ This is an appeal from a judgment awarding appellee, DeWitt Parker, the sum of $985 with interest thereon as against appellant, T. B. Bailey. Appellant timely presented the record and his brief as well as oral argument on submission day, while the appeal is before this court without appellee having filed a brief or availed himself of oral argument. Hence this court will accept as true the statements contained in appellant's brief relating to the facts and the record. Rule 419, Texas Rules of Civil Procedure, as construed by the Texas courts. Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77, modified without changing this rule in 143 Tex. 64, 183 S.W.2d 453; Headstream v. Mangum, Tex.Civ.App., 174 S.W.2d 496; Beyersdorff v. Spillar, Tex.Civ.App., 224 S.W. 2d 272; Gonzales v. Gonzales, Tex.Civ. App., 224 S.W.2d 520; Howell v. Loftis, Tex.Civ.App., 299 S.W.2d 954.

Appellant asserts and cites the record in support thereof that this is a suit for a money judgment by reason of alleged damages or conversion of funds and that the alleged cause of action arose out of negotiations and transactions had between appellee and appellant on and prior to January 2, 1952, as a result of which certain rentals were due on November 2, 1952; that thereafter on January 21, 1953, appellee herein, joined by his wife, filed suit in the 47th District Court of Texas against appellant herein for both actual and exemplary damages by reason of alleged facts growing out of the same negotiations and transactions here relied upon for recovery; that the said prior suit bore No. 2513 in the District Court and was prosecuted to a final judgment; that because the said former suit and the action now before this court were both between and involved the same parties, containing alleged matters that grew out of the same negotiations and transactions had between the same parties and because the prior suit was prosecuted to a final judgment, recovery by appellee in the suit now before this court is barred by reason of the doctrine of res adjudicata.

It appears from appellant's statements and from the record that the prior suit bearing No. 2513 in the 47th District Court grew out of the same transactions here involved, was between the same parties here involved and was heard by the trial court with judgment having been rendered therein on August 17, 1953, from which judgment an appeal was perfected to this court where it bore No. 6382; that on March 8, 1954, this court, by an opinion written but not published, reversed and remanded the cause with instructions for further proceedings by the trial court; that on May 10, 1955, the trial court further heard that alleged cause of action, with the parties involved present, when judgment was again rendered from which judgment appellee herein, DeWitt Parker, perfected an appeal to this court; that on January 9, 1956, this court upon hearing the cause numbered here 6554 affirmed the trial court's judgment with the opinion published in Tex.Civ.App., 286 S.W.2d 651 and the said judgment became final and binding.

■■ The Texas courts look with disfavor upon the matter of multiplicity of suits and particularly between the same parties and growing out of the same transactions. In the case of Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W. 2d 467, 472, 144 A.L.R. 1, the court said in part:

"The statement of the rule of conclusiveness of judgment most favorable to the litigant invoking it is that made in Nichols v. Dibrell, 61 Tex. 539, 541, as follows: 'It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided.' "

In the case of Butler v. McGarraugh, Tex.Civ.App., 91 S.W.2d 1118, 1120, the court quoted the same rule previously herein cited and in addition thereto said:

"* * * Or, as differently expressed, 'the plea of res judicata applies not only to points upon which the court was actually required to pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, by exercising reasonable diligence, might have brought forward at the time.' "

■ The same rule is pronounced and followed in the case of Ferguson's Estate v. Ferguson, Tex.Civ.App., 189 S.W.2d 441 and likewise in the case of Maxwell v. Campbell, Tex.Civ.App., 282 S.W.2d 957 (writ refused). The last case cited holds that under the doctrine of res adjudicata parties are precluded from relitigating issues which were or could have been pleaded and proved in a prior suit.

■ For the reasons stated it appears that appellee herein could have and should have presented this alleged cause of action for litigation in his prior suit for damages filed against appellant herein and prosecuted to a final judgment in the 47th District Court, consequently appellant's plea of res adjudicata is sustained. Because of our disposition of this assignment of error it is not necessary to pass upon appellant's other points presented.

Under the record and the authorities cited the judgment of the trial court in the case at bar is reversed and judgment is here rendered denying appellee, DeWitt Parker, any recovery as against appellant, T. B. Bailey, upon his alleged cause of action presented. Reversed and rendered.