**E. D. CLEMENT, Appellant,**

v.

**C. J. FRANTZ, Jr., Appellee.**

**No. 6923.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 22, 1960.

———————

Linn & Helms, Spearman, for appellant.

Archer & Brownlee, Perryton, for appellee.

CHAPMAN, Justice.

This case originated in the trial court in trespass to try title. Appellant, E. D. Clement, filed a suit against appellee, C. J. Frantz, Jr., for title and possession of a half section of land in Ochiltree County, Texas. Prior to the time here in question the land was owned by Robert W. Turner and wife, Thelma Turner, of California. On January 15, 1958, appellant and the Turners entered into a contract of sale for the land, which was consummated on February 4, 1958, by deed from the Turners to appellant. Appellee had farmed the land as tenant of the Turners since 1947, it having been rented on a one-year basis. The case was tried to the jury upon the following one special issue:

"Do you find from a preponderance of the evidence that E. D. Clement agreed with C. J. Frantz, Jr. on January 15, 1958 that C. J. Frantz, Jr. was to continue to farm the land in question for an additional year, unless Clement notified Frantz otherwise?"

To such issue the jury answered "yes." From such verdict the trial court rendered his judgment that appellant was fee simple owner of the land in controversy subject to the rights of appellee as tenant thereof,

and owner of ⅔ of the crops then growing thereon. It was from this judgment appellant perfected his appeal upon six points of error, the first three of which challenge the sufficiency of the evidence to prove the necessary elements of a lease contract.

Appellee has not filed a brief in this case nor availed himself of oral argument or challenged in any manner the statements in appellant's brief concerning the facts and the record. Under such circumstances we may accept as correct the statements contained in appellant's brief which relate to the facts and the record. Rule 419, Texas Rules of Civil Procedure; Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520 (writ refused); Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77, modified 143 Tex. 64, 183 S.W.2d 453; Beyersdorff v. Spillar, Tex.Civ.App., 224 S.W.2d 272; Headstream v. Mangum, Tex.Civ. App., 174 S.W.2d 496.

Considering the case on this basis, the only time an agreement could have been made between the parties hereto that appellee was to continue to farm the land for another year, was on January 15, 1958. Apparently, the two were together in the office of the attorney who was questioning appellee on the stand in view of the testimony referred to in appellant's brief to the effect that appellee testified:

"Well, sir, the conversation in your office the 16th, or the 15th day of January that led me to believe that Mr. Clement would, if he leased the land, that he would lease it to me.

\* \* \* \* \* \*

"Q. But you're not claiming that Mr. Clement leased you the land that day, are you, or are you? A. Well, I'm not claiming that he did, or neither am I claiming that he didn't. He led me to believe, however, that—maybe not intentionally, but I was under the impression when I left his office that if it was going to be leased that I would have it.

\* \* \* \* \* \*

"Q. Do you remember Everett Clement saying anything to you about giving you notice, or anything? A. Giving me notice?

"Q. Yes. Notice. Relate that conversation if you— A. No, there was nothing said about giving me notice, but he did say that when they got things—he made the remark there that he didn't know for sure that he had it bought that day. He would have to wait until the contract went out there to Mr. Turner and then came back. He might not accept it. But he said when we see where we stand on it, well, we will see you, or something of that sort.

"Q. So by that you thought you had this land leased for '58 and '59? A. I thought so if he wasn't going to farm it himself; yes, sir.

\* \* \* \* \* \*

"Well, he said if he rented the ground there, that I could have it."

There is considerable more testimony referred to in appellant's brief of the substantial tenor as that above given, but none of it shows a meeting of the minds of the parties on the terms of a contract, whether cash rent, a percentage of the crops, whether the wheat would be pastured, and if so how much of the pasturage the landlord would receive, but shows at the most an agreement to negotiate for a lease in the future.

The general rule of contract law in this respect is:

"'\* \* \* unless an agreement to make a future contract be definite and certain upon all the subjects to be embraced, it is nugatory. \* \* \* "An agreement to enter into negotiations, and agree upon the terms of a contract, if they can, cannot be made the

basis of a cause of action. There would be no way by which the court could determine what sort of a contract the negotiations would result in, no rule by which the court could ascertain whether any, or, if so, what damages might follow a refusal to enter into such future contract. So, to be enforceable, a contract to enter into a future contract must specify all its material and essential terms, and leave none to be agreed upon as the result of future negotiations. * * * Where a final contract fails to express some matter, as, for instance, a time of payment, the law may imply the intention of the parties, but, where a preliminary contract leaves certain terms to be agreed upon for the purpose of a final contract, there can be no implication of what the parties will agree upon." Shepard v. Carpenter, 54 Minn. 153, 55 N.W. 906.' St. Louis & S. F. R. Co. v. Gorman, 79 Kan. 643, 100 P. 647, 649, 28 L.R.A.,N.S., 642, 643. See, also, 6 R.C.L. pp. 616, 617; 10 Tex. Jur. p. 176; Yerion v. Allison, Tex. Civ.App., 242 S.W. 270; Joseph v. Bostick, Tex.Com.App., 276 S.W. 672." Radford v. McNeny, 129 Tex. 568, 104 S.W.2d 472, 474 (Comm. of App., opinion adopted).

See, also, Barrier v. Brinkmann, 130 Tex. 350, 109 S.W.2d 462 (Comm. of App., opinion adopted); Moore v. Dilworth, 142 Tex. 538, 179 S.W.2d 940.

In continuing to look at the statements or references in appellant's brief for the facts and the record we find that the jury after they retired to their jury room worked out what they thought would be a proper settlement of the case and submitted to the court the terms of the settlement they suggested, to the effect that appellant should have possession and appellee be compensated for the plowing he had done. Additionally, the references in appellant's brief show the jury was guilty of further misconduct in discussing personal experiences not confined to common knowledge but which went to the point of making some of the jurors witnesses on material matters and which had the effect of informing others in the jury room concerning the purported law with respect to dispossessing a tenant of a predecessor in title, which was not the law at all, and which was highly prejudicial to appellant. However, in view of what we have said above it becomes unnecessary to write on the misconduct of the jury.

The judgment of the trial court is reversed and rendered for appellant for title and possession of the land in controversy.