**James COATES, Appellant,**

v.

**Morgan COATES, Appellee.**

No. 3653.

Court of Civil Appeals of Texas.
Eastland.

March 2, 1962.

George T. Thomas, Big Spring, for appellant.

Pat Beene, Ivanhoe, for appellee.

WALTER, Justice.

This is an injunction case. Morgan Coates was granted an injunction against James Coates enjoining and restraining him from "going about or near or in any way intimidating or bothering the said Morgan Coates and he is further restrained and enjoined from interfering, changing or molesting the natural flow of the water as it existed upon the 9th day of February and from any way changing it from entering upon or across plaintiff's land. The Court further enjoins the said defendant, James Coates, from entering upon the lands of the said plaintiff, Morgan Coates, except that he is hereby permitted to enter upon Morgan Coates' lands so as to go down or travel upon the road leading toward Morgan Coates' house, and in this connection he is restrained and enjoined from traveling upon such road any further than to a point 300 yards from Plaintiff's house."

James Coates had appealed, contending the court erred in enjoining him because there was no evidence to support the judgment and the injunction is so vague and indefinite in its terms as to be unenforceable.

Appellee has not filed a brief and did not avail himself of oral argument. He has not challenged in any manner the statements in appellant's brief relative to the facts and the record. The Court of Civil Appeals must assume as true all facts stated by appellant in his brief and render judgment in conformity therewith. Rule 419, Texas Rules Civil Procedure; Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520 (Writ Ref.).

Mrs. Ruth Coates was divorced from Morgan Coates in 1958. They owned a ranch in Borden County and each party was awarded approximately an equal number of acres. The home place is located on the property awarded to Morgan Coates and a tank is located on the property awarded to Mrs. Coates. Mr. Coates was awarded the right to pump water from the tank for domestic use.

A road on the section line between the tract upon which the house is located and the tract upon which the tank is located is one of the causes of this litigation. The extent to which the road is on Morgan Coates' land and Ruth Coates' land is disputed. The county built the road long before the divorce was granted. Morgan Coates claims the road is on his land. He testified he had the land surveyed recently and was going to have it surveyed again because the first surveyor "lacked 3 feet and 9 inches going further enough east at my southeast corner." The road provides access to the home place and also to the adjoining tract where the tank

is located. James Coates is the son of Morgan and Ruth Coates and works Mrs. Coates' land on a share basis.

Morgan Coates testified substantially as follows: that he was under a doctor's care; that all he was asking was that people didn't bother him because of his health; that he had doctor's orders for people not to bother him; that he was asking the court to instruct the appellant to refrain from coming about him or around his land because of his health.

James Coates testified substantially as follows: that he hadn't been to Morgan Coates' house since the divorce and had no intention of going there; that he had not directly or through any other person threatened Morgan Coates in any manner; that he had not molested Morgan Coates and had no intention of doing so. When asked the question, "Then, why do you object to being restrained from going around him or bothering him?", he answered "I haven't bothered him. * * * I am not guilty, Sir. I don't bother him. I tend to my own business." Appellee's pleadings do not describe his land other than to assert he owns certain lands in Borden County, Texas. The order is even more indefinite than the petition, in that, it refers only to "plaintiff's land" and "lands of the said plaintiff, Morgan Coates."

Rule 683, T.R.C.P., provides as follows

"Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agent, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."

Our Supreme Court in San Antonio Bar Association v. Guardian Abstract & Title Company, 156 Tex. 7, 291 S.W.2d 697, at page 702, said:

"'* * * that an injunction decree must be as definite, clear and precise as possible and when practicable it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing.' Villalobos v. Holguin, 146 Tex. 474, 208 S.W.2d 871, 875."

"Not only must the threatened act be one which if committed will work a legal injury. Some danger must portend. There must be a well-grounded probability of an injury that is imminent, an emergency, not merely a fear or apprehension that wrong will be done. A mere possibility of injury, then, will not warrant an injunction. And the relief will be denied where injury is purely conjectural, where the wrongful act is only temporary in character and conditions will be restored within a reasonable time without injury, or where it is sought to allay fears of individuals which exist without substantial reason. These rules are embodied in the statute which authorizes injunction in cases where the applicant is entitled to the relief demanded and the relief requires the restraint of a prejudicial act. The word 'requires' is mandatory in its significance, meaning 'to have imperative need of.' Accordingly, the writ should be denied if the evidence shows no intention on the part of the defendant to do the thing sought to be enjoined." 24A Tex. Jur., Section 24, page 51.

■ Measured by Rule 683 and the authorities above cited, we hold there is no evidence to support the judgment in so far as it restrains James Coates from "going about or near or in any way intimidating or bothering the said Morgan

Coates." The remainder of the judgment is not specific in its terms and does not describe in reasonable detail the acts sought to be restrained. It appears that the case was not fully developed and the ends of justice will best be subserved by remanding the case.

The judgment is therefore reversed and remanded.