**M. J. McBEE, Appellant,**

v.

**James I. MOODY, Appellee.**

**No. 3722.**

Court of Civil Appeals of Texas.

Eastland.

May 25, 1962.

Montague & Thurmond, Del Rio, for appellant.

Douglas A. Newton, Del Rio, for appellee.

WALTER, Justice.

McBee Motor Company sued James I. Moody for a deficiency judgment. In a non-jury trial, judgment was rendered that the plaintiff take nothing.

The parties will be designated as they were in the trial court. Plaintiff sold the defendant an automobile on October 12, 1959. The defendant, his wife and son continued to use and operate the automobile for a period of ten months and in August, 1960, returned the automobile to the plaintiff and asserted that they would make no further payments.

The defendant pleaded as a defense to plaintiff's cause of action a full or partial failure of consideration. The plaintiff pleaded waiver and estoppel.

The plaintiff has appealed contending the court erred in rendering such judgment because (1) the defendant is estopped from asserting failure of consideration (2) he has waived his right to assert such defense (3) there is no evidence to support a finding of failure of consideration and (4) there is no evidence to support the judgment sustaining the defendant's defense.

The appellee has not filed a brief herein and did not avail himself of oral argument. He has not challenged, in any manner, the statements in appellant's brief relative to the facts and the record. The

**216**

Court of Civil Appeals accepts, as correct, all facts stated by appellant in his brief. Rule 419 Texas Rules Civ.Proc.; Gonzales v. Gonzales, Tex.Civ.App., 224 S.W.2d 520, (Writ Ref.).

The defendant and his wife were dissatisfied with the performance of the automobile soon after they purchased it in October, 1959. The plaintiff refused to allow a rescission of the contract and the defendant kept the automobile. He, his wife and son continued to use the automobile and the defendant made his regular monthly payments as called for in his contract for approximately ten months. Approximately one month after plaintiff refused to accept the automobile as a trade-in on a new car, the defendant left the car on plaintiff's lot. As provided for in the mortgage executed by the defendant, the automobile was sold at public auction.

In J. B. Colt Co. v. Head, Tex.Com., 292 S.W. 198, (Commission of Appeals), the defendant Head had purchased a generator from the plaintiff and had failed to pay the purchase price as provided for in their contract. Plaintiff sued to recover the unpaid purchase price. The defendant pleaded that he was fraudulently induced to sign the contract. The defendant's testimony revealed that he repudiated the contract in June, 1923, by telling the plaintiff that its agent misstated the terms of the contract and at such time instructed the company "Take the plant out." The defendant continued to use the generator or plant during the remainder of 1923 and finally disconnected it in 1924. In rendering judgment for the plaintiff the court said:

"It is clear to us that Head, after June, 1923, should not have used this property any further. He had repudiated the contract, and tendered the generator back. It was no longer his for any purpose, unless he expected to pay for it as per the contract made. He had no right to wear it out, as its continued use was reasonably calculated to do. When he did continue to use it as he did, after that time, he waived his right, as a matter of law, to rescind the contract. It seems to us that any other rule would lead to the gravest of abuses."

See also Dalton Adding Machine Sales Co. v. Wicks & Company, Tex.Civ.App., 283 S.W. 642, (no writ history) and Hatch v. National Cash Register Corp., Tex.Civ.App., 105 S.W.2d 1114 (no writ history).

 We hold that the defendant, by using the car for approximately ten months after he expressed his dissatisfaction to the plaintiff, waived his right to rescind the contract for failure of consideration. The judgment of the trial court is therefore reversed and judgment is rendered for the plaintiff-appellant for $478.29 plus $71.74 attorney's fees.