**N. F. ROBERTS et ux., Appellants,**

v.

**The FIRST NATIONAL BANK OF KILLEEN, Appellee.**

Motion No. 13277.

Court of Civil Appeals of Texas.

Austin.

Oct. 27, 1965.

Rehearing Denied Nov. 17, 1965.

Mitchell & Gilbert, Arthur Mitchell, Austin, for appellants.

Skelton, Bowmer, Courtney & Burleson, Byron Skelton, Temple, for appellee.

PER CURIAM.

This motion was filed by appellants on October 13, 1965, for an extension of time for filing the transcript of the record in this Court. See Rule 386, Texas Rules of Civil Procedure.

 Final judgment was rendered below on July 30, 1965. There was no motion for a new trial. Notice of appeal and appeal bond were timely filed. The sixty days allowed for filing the record in this Court expired on September 28, 1965. Rule 386, T.R.C.P.

The transcript was tendered for filing to the Clerk of this Court on September 29, 1965. This tender was refused.

On September 21, 1965, Mr. Hugh L. Taggart, the trial court clerk, wrote attorney for appellant that the transcript in this case was complete and would be forwarded to him upon the payment of $207.00 transcript fees. Nothing further transpired in the matter until September 27, 1965, when Mr. Taggart received $207.00 in money order from Mr. N. F. Roberts, an appellant.

On the same day, September 27, Mr. Taggart mailed the transcript to appellant's attorney in Austin, Texas. This transcript was received in the office of such attorney at about 4:30 p. m. on September 28, 1965, appellant's attorney not being personally present in the office at the time of receipt of the transcript.

If we had any discretion under these circumstances, we would exercise it in behalf of appellants. Believing that we have no discretion under the Supreme Court ruling in Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587, we overrule appellants' motion.

Appellants could have obtained the transcript over a period of several days between September 21 when appellants were notified by mail that the transcript was ready and the last day for filing, September 28.

The transcript could have been picked up on September 27 when Mr. Taggart received payment for it, and it could easily have been brought to Austin by the end of the next day.

The transcript could have been brought to this Court from appellants' attorney's office in Austin after its receipt there and before our Clerk closed her office.

Further, if appellants had instructed Mr. Taggart to mail the transcript to our Clerk and it had been so mailed on the day it was mailed, it would have been timely. Rule 5, T.R.C.P.

The motion is overruled.

ARCHER, C. J., not participating.