David WASHINGTON, Appellant,

v.

Jessie R. CLEMENTS, Individually and as Next Friend for Tony L. Clements, a Minor, Appellee.

No. 16705.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 18, 1966.

Gerald E. Stockard, Denton, for appellant.

Homer A. Brown, Garland, for appellee.

RENFRO, Justice.

This is a venue case.

Suit was brought by Jessie R. Clements, individually and as next friend for his minor son Tony, against J. R. Washington and David Washington for damages allegedly sustained when plaintiff's automobile struck a horse which belonged to defendants.

Appellant David Washington filed a plea of privilege in which he prayed the case as to him be transferred to Travis County.

Appellee's controverting plea did not challenge defendant David Washington's sworn statement that Travis County was the place of his residence. The controverting plea merely stated that David Washington committed a trespass in Denton County within the meaning of Exception 9a to Article 1995, Vernon's Ann.Civ.St. The plea did not, even in general terms, state what acts or omissions were committed by David.

The plea of privilege was overruled.

David Washington appealed on the ground there was no evidence to support the judgment.

Appellee did not file a brief in this court, nor did he present oral argument.

In his brief appellant states that there was no pleading or evidence of any agency relationship between the defendants, no evidence of negligence by appellant or his co-defendant, and no evidence whatever of any acts which would impose liability or responsibility on either defendant. It is provided by Rule 419, Texas Rules of Civil Procedure, that any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party.

The appellate courts have applied the above rule many times.

Representative of such cases are: Rogers v. Dickson, 157 S.W.2d 404 (San Antonio Civ.App., 1941, no writ hist.); Headstream v. Mangum, 174 S.W.2d 496 (Amarillo Civ. App., 1943, no writ hist.); Ammann v. Daniel Oil Co., 220 S.W.2d 181 (Austin Civ. App., 1949, no writ hist.); Van Pelt v. McCabe, 236 S.W.2d 685 (San Antonio Civ. App., 1951, no writ hist.); Clement v. Frantz, 333 S.W.2d 190 (Amarillo Civ.App., 1960, no writ hist.); Rippeteau v. Rippeteau, 287 S.W.2d 238 (Austin Civ.App., 1956, no writ hist.); Coates v. Coates, 355 S.W.2d 260 (Eastland Civ.App., 1962, no writ hist.); Ehrhardt v. Ehrhardt, 364 S. W.2d 471 (Houston Civ.App., 1963, no writ hist.); and Jack Ritter Inc. Oil Co. v. Fred Bandas and Sons, Inc., 387 S.W.2d 70 (Austin Civ.App., 1965, no writ hist.).

It was held in Sunray Enterprises, Inc. v. Rosenaur, 335 S.W.2d 670 (Dallas Civ. App., 1960, ref., n. r. e.), that an appellee who failed to brief the case on original hearing could not on motion for rehearing challenge correctness of appellant's statement of the facts.

Since the unchallenged statements of appellant show clearly there was no evidence upon which venue could be sustained in Denton County as to appellant, the court erred in overruling his plea of privilege.

Reversed and cause as to David Washington ordered transferred to a district court in Travis County.

Reversed and rendered.