**AGRICULTURAL WORKERS MUTUAL AUTO INSURANCE COMPA-NY, Appellant,**

v.

**D. E. DAWSON, Appellee.**

No. 319.

Court of Civil Appeals of Texas.

Tyler.

Feb. 8, 1968.

Jackson, Walker, Winstead, Cantwell & Miller, Ralph E. Hartman and Jack Pew, Jr., Dallas, for appellant.

No brief filed for appellee.

DUNAGAN, Chief Justice.

As the appellee has filed no brief in this case, we accept as correct the statements contained in appellant's brief relating to the facts and the record. Rule 419, Texas Rules of Civil Procedure; Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App., 1949, San Antonio, writ ref.).

It appears from appellant's brief that plaintiff-appellee (the insured) claiming under the "Physical Damage" coverage of an automobile insurance policy, sought

indemnity from defendant-appellant (the insurer) for damage caused to his car by a collision. The case was tried before a jury which, in answers to Special Issues Nos. 1 and 2, the only issues submitted, found: (1) that the market value of appellee's car was $3,000.00 before the collision, and (2) $900.00 after the collision, a difference of $2,100.00. There being a $100.00 deductible in the policy, the court rendered judgment on the jury's findings for appellee and against appellant in the amount of $2,000.00 as "damages to the market value of" appellant's car.

■ The controversy was and is over the amount of recovery to which appellee was entitled under the policy. The policy provided that appellant's liability "shall not exceed" the "cost to repair" the automobile. Appellant pleaded and produced evidence that the car could be repaired and two witnesses estimated, respectively, that the cost of such repairs would be $822.56 and $1,100.00. The trial court, however, over appellant's objections, only submitted the two Special Issues above summarized, which inquired as to the difference in market value of the car immediately before and immediately after the collision. These issues reflect the measure of liability which, under the policy involved in this case, is appropriate only "if a total loss resulted," Riley v. National Auto Insurance Company, 162 Neb. 658, 77 N.W.2d 241, 57 A.L.R.2d 1219 (1956)—i. e., when the car cannot be restored by repairs, to substantially the condition and value it had prior to the collision. The court did not submit any issue as to whether the car was a "total loss," nor did the court submit a Special Issue to ascertain the cost of repairing the car. In failing to submit such issues, the trial court in effect found that appellee had proved by undisputed evidence that the car was a "total loss."

The appellant complains of the court's action (1) in submitting, over its timely objections, the two Special Issues which inquired only as to the difference in the market value of appellee's automobile before and after the collision, unaccompanied by a Special Issue requiring appellee to prove that the automobile was a "total loss," in the sense that it could not be restored by repairs to substantially its condition and value prior to the collision; and (2) in refusing, over appellant's objections, to submit a Special Issue upon the reasonable cost of restoring appellee's automobile, by repairs, to substantially its condition and value prior to the collision.

Appellee's action is under "COVERAGE E—COLLISION" of "PART III—PHYSICAL DAMAGE" of a standard form family automobile policy, which coverage indemnifies appellee "for loss caused by collision to" appellee's automobile. Said PART III contains the following provisions:

"LIMIT OF LIABILITY The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property * * *.

"PAYMENT OF LOSS The Company may pay for the loss in money; or may repair or replace the damaged or stolen property * * *."

Appellee's own pleadings recognized that appellant could discharge its obligation under the policy by paying the cost of repairs, for he alleged in his first amended original petition:

"III.

"That on or about March 3, 1964, said defendant wrote a policy of insurance and contracted to insure a 1963 hardtop, 4-Dr., Air-Conditioned Oldsmobile Sedan belonging to D. E. Dawson; among other things said policy of insurance provided that if such vehicle is damaged in an automobile collision it will either pay for the loss to the insured in money or repair or replace the damaged property insured

therein. Said policy of insurance was No. 1948–5. Said policy provided that the defendant will pay the loss incurred less $100.00 deductible."

Appellant also specifically pleaded that its liability under the policy was limited to the cost of repairs. Its answer stated:

"V.

"Further, in the alternative, your Defendant says that the actual cash value of the automobile and property insured by the policy in question and what it would cost to repair or replace said property is an amount considerably lower than that for which suit is brought and that this amount has been offered to said Plaintiff and that said amount is hereby in these pleadings tendered to the Plaintiff less $100.00 deductible as provided by the policy in full discharge of all liability of this Defendant herein."

At the trial, appellee's witness stated that, although the car could be repaired, it could not have been restored to its value before the date of the collision.

Appellant, however, presented two witnesses who testified that the car could be restored to its pre-collision value and presented estimates of the cost of such repairs.

■ The provisions of the policy as above set out mean that if the car cannot be restored by repairs to the condition and value it had prior to the collision (and therefore is what is sometimes described as a "total loss"), the insured is entitled to the "actual cash value" of the car, measured by the difference in the car's market value immediately before and immediately after the collision; but if, on the other hand, the car can be so repaired, the insured is entitled to no more than "what it would then cost to repair the property." Automobile Underwriters of America v. Radford, 293 S.W. 869 (Tex.Civ.App., Dallas, 1927, affirmed, Tex.Com.App., 299 S.W. 852); Home Ins. Co. v. Ketchey, 45 S.W.2d 350 (Tex.Civ.App., Waco, 1931, n. w. h.); Riley v. National Auto Insurance Company, supra; Roberdeau v. Indemnity Ins. Co. of North America, 231 S.W.2d 948 (Tex.Civ.App., 1950, Austin, writ ref., n. r. e.).

■ The burden of establishing that the car is unrepairable is on the insured; he has the burden of proving his loss under the policy; 7 Am.Jur.2d, "Automobile Insurance," Sec. 209, (1963) and if he claims his loss is total, he has the burden of proving a total loss. Alliance Mutual Casualty Company v. Atkins, 316 S.W.2d 783 (Tex.Civ.App., Fort Worth, 1958, n. w. h.).

It seems to be well settled that before the insured, under an insurance policy such as in this case, is entitled to have his damages measured by the difference in the car's market value before and after the collision, he must establish that the car was a "total loss."

■ Under the evidence in this case, it was error for the trial court to submit the case to the jury on the sole theory that the automobile was a total loss. The jury should have been afforded an opportunity to find whether the automobile could have been repaired and replaced in substantially the same condition as before, and, if it so found, to determine the damages on that basis. The trial court's refusal to give the jury such an opportunity was error.

For the reasons above stated, the judgment of the trial court is reversed and this cause remanded.