**L. B. KING, Appellant,**

v.

**Virginia King IVANS, Appellee.**

No. 368.

Court of Civil Appeals of Texas.

Tyler.

May 30, 1968.

Herbert C. Martin, Amarillo, for appellant.

Tom Upchurch, Jr., Amarillo, for appellee.

DUNAGAN, Chief Justice.

As the appellee has filed no brief in this case, we accept as correct the statements contained in appellant's brief relating to the facts and the record. Rule 419, Texas Rules of Civil Procedure; Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ. App., 1949, San Antonio, writ ref.).

The record is before us without a statement of facts. No findings of fact or conclusions of law have been filed and none requested.

On September 5, 1962, Virginia King Ivans, appellee on this appeal, obtained a divorce from appellant, L. B. King, and custody of their four minor children. The decree gave appellant the right to visit

the children every other week-end and to have custody of the children two weeks at the expiration of school and two weeks prior to the beginning of school each year. Pursuant to said decree, appellee voluntarily delivered the four children to the appellant on or about the 18th day of June, 1967. They remained with appellant until on or about August 14, 1967, at which time the appellee demanded return of the children.

On August 14, 1967, appellant filed his verified petition for permanent custody of the children and for a temporary restraining order restraining appellee from taking the children out of the jurisdiction of the court pending final determination of his petition for a change of custody and from harrassing and molesting appellant and the four children. Appellee filed no answer or pleading of any kind in response to appellant's sworn petition in this cause.

Appellant also in his verified petition sought a temporary injunction enjoining the appellee from doing the same things sought by the temporary restraining order.

On appellant's verified petition, the court granted the temporary restraining order as prayed for and set his petition for temporary injunction for hearing on August 21, 1967. Upon the hearing for temporary injunction, the court entered an order, the effect of which was to refuse to grant the temporary injunction sought and dismissed plaintiff's entire petition. This order is shown to have been signed by the presiding judge on the 21st day of August, 1967. Appellant gave notice of appeal from said order on August 28, 1967, and made his deposit of cash in lieu of bond on August 30, 1967.

Thereafter, the court entered a corrected order and judgment in substance being the same as the prior order except it did not dismiss plaintiff's petition. This order is shown to have been signed by the presiding judge on the 18th day of September, 1967. There is nothing in the record

to show that the first order of August 21, 1967, has been vacated or set aside.

Appellant asserts in his first supplemental point of error that since the order of September 18, 1967, does not vacate or set aside the first order, the same is a nullity in that there cannot be two final judgments in any case. This point must be sustained.

■ Our Supreme Court has held that entry of a second judgment in the same case is not a vacation of the first, and that if there is nothing to show the first was vacated, the second is a nullity. Mullins v. Thomas, 136 Tex. 215, 150 S.W.2d 83 (Tex.Com.App., 1941, opinion adopted); Bridgman v. Moore, 180 S.W.2d 211 (Tex. Civ.App., 1943, Beaumont, aff. by the Supreme Court, 143 Tex. 250, 183 S.W.2d 705); Fugitt v. Slay, 329 S.W.2d 358 (Tex. Civ.App., 1959, Dallas, writ dism.). In applying this rule, we must hold that the second order is a nullity.

We next dispose of appellant's points of error leveled at the first order dated August 21, 1967.

Appellant first contends that the court erred in entering a final and permanent custody order upon hearing upon appellant's petition for issuance of a temporary injunction.

As above stated, a temporary restraining order was issued and hearing set as to the issuance of a temporary injunction on August 21, 1967. The citation issued in the cause reveals that appellee was commanded to appear and answer on the first Monday after the expiration of 20 days from the date of the service of citation, which citation shows to have been served on the 23rd day of August, 1967. The order of the court reveals no temporary injunction was issued as prayed for in appellant's petition, but the court's order provided "It is further Ordered, Adjudged and Decreed by the Court that the minor children be returned to Defendant as set forth in the Final Judgment as filed in cause number

8729, styled Virginia King vs. L. B. King and dated September 5, 1962;". The court by its order also dismissed the restraining order which by its own provision ended on the date of the hearing on the application for a temporary injunction. The order further dismissed appellant's entire petition.

As we view the court's order in regard to custody of the children, it did not adjudicate the custody but only ordered the children returned to appellee in accordance with the custody provisions in the judgment in Cause No. 8729 between the parties of September 5, 1962. The fact that the trial court in its order dismissed appellant's petition seeking a change of custody makes it obvious that there was no adjudication of such relief sought therein.

■ However, if the order should be construed to have adjudicated the issue of custody of the children upon appellant's petition, the trial court committed error which would require a remand of this case. It is reversible error for a trial court to make a final and permanent custody order upon petition and notice for temporary injunction without the consent of the parties. Goodman v. Goodman, 236 S.W. 2d 641 (Tex.Civ.App., San Antonio, 1951, n. w. h.); Livingston v. Nealy, 382 S.W. 2d 511 (Tex.Civ.App., 1964, Corpus Christi, writ ref., n. r. e.).

■ We sustain appellant's contention that the court erred in dismissing his petition on its own motion.

The record does not reveal the basis upon which the petition was dismissed nor does any justification for such action appear in the record. We think the trial court erred in dismissing appellant's petition for a change of custody and thereby denying him a hearing thereon upon the record before us. Garver v. First National Bank of Canadian, Texas, 406 S.W.2d 797 (Tex.Civ.App., Amarillo, 1966, writ ref., n. r. e.). Apparently the trial court recognized his error in this respect as he signed the second order which did not dismiss appellant's petition.

We reverse and remand this case to the trial court for a proper disposition of appellant's petition for change of custody.