**David Lee LATTIN, Appellant,**

v.

**Warren MARTELL, Appellee.**

**No. 7130.**

Court of Civil Appeals of Texas, Beaumont.

March 19, 1970.

Bracewell & Patterson, Houston, for appellant.

Mounger & Morrison, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal by writ of error from a default judgment. The parties will be referred to here as they were in the trial court.

Plaintiff, Warren Martell, filed an action for damages arising out of an automobile collision, against Luke Johnson Ford Company and David Lahin. This suit was filed February 3, 1965 in Harris County. Citation was issued February 4, 1965 to Luke Johnson Ford Company, a corporation, and David Lahin, and was returned without service. September 21, 1965, a citation was issued to David Lahin and again returned without service. July 13, 1966, a fourth citation was issued to David Lahin and the return shows service July 18, 1966.

September 12, 1966, plaintiff filed his first amended petition naming Luke Johnson Ford Company and David Lahin as defendants. The cause of action against the company was based upon negligent entrustment. This record shows a motion for default judgment against the defendant, David Lahin, was presented to the court September 26, 1966, and on the same date the court entered an order granting a default judgment against David Lahin and also ordering a writ of inquiry. September 12, 1967, plaintiff filed a motion for summary judgment against David Lahin which was rendered and entered October 3, 1967 in the amount of $15,000.00. December 6, 1968, plaintiff filed a pleading called "Motion for Corrected Judgment." This motion stated the true and correct name of the defendant to be David Lattin and prayed that the judgment be corrected. Then the plaintiff filed his second amended original petition December 19, 1968 in this same cause, which pleading named David Lattin as the sole defendant. Citation was issued and returned showing service on David Lattin January 20, 1969. Then February 21, 1969, plaintiff was granted a default judgment against defendant, David Lattin, with an order for a writ of inquiry. March 17, 1969, the trial court rendered and entered a judgment against David Lattin in the amount of $15,000.00. August 5, 1969, David Lee Lattin filed his petition for a writ of error.

Defendant, David Lattin, has two points of error complaining, in substance, of the action of the trial court in granting a default judgment against him March 17, 1969. It is urged that the judgment in this cause against David Lahin rendered October 3, 1967 was a final judgment and disposed of this case.

Luke Johnson Ford Company was named as a defendant at the outset in 1965, but was not served and did not file an answer. Defendant, David Lattin, makes the statement in his brief that the judgment of October 3, 1967 was a final judgment, and:

"It is not controverted that it determined all the issues between all remaining parties * * *"

Such defendant also in his brief makes this statement:

"After two Motions for Summary Judgment and the disposal of all other Defendants, Judgment was rendered against Lahin on October 3, 1967 * * *"

As plaintiff (appellee) has filed no brief in this case, we accept as correct the statements contained in defendant's (appellant's) brief relating to the facts and the record. Texas Rules of Civil Procedure, rule 419. Gonzales v. Gonzales, 224 S.W. 2d 520 (San Antonio Civ.App., 1949, error ref.). The judgment of October 3, 1967, disposing of all of the issues and parties

before the court, was a final judgment. It was 14 months later before plaintiff filed his amended pleading making David Lattin a party. This case was no longer "pending" at such time, and the trial court did not have jurisdiction to set it aside except by bill of review. Rule 329b § 5. Ex Parte Godeke, 163 Tex. 387, 355 S.W. 2d 701 (1962).

Further, there is nothing in this record to indicate the first judgment against David Lahin was ever set aside, and the entry of the second judgment cannot be interpreted as a vacation of the first. Mullins v. Thomas, 136 Tex. 215, 150 S.W. 2d 83 (1941). Defendant's points of error are sustained.

Reversed and rendered that plaintiff take nothing from the defendant, David Lattin.