Annie **CRAWFORD**, Individually, and as Independent Executrix and Beneficiary, Appellant,

v.

Rose **MODOS** et al., Appellees.

No. 7224.

Court of Civil Appeals of Texas, Beaumont.

March 11, 1971.

Andrews, Kurth, Campbell & Jones, Houston, McClain & Stump, Georgetown, for appellant.

James E. Faulkner, Coldsprings, for appellees.

## ON APPELLEES' MOTION FOR REHEARING

KEITH, Justice.

Appellees did not file a brief in this cause nor otherwise participate in the appeal until they filed their motion for rehearing. In this belated appearance, appellees now complain bitterly that we erred in taking jurisdiction of the appeal and in our factual résumé of the case. Since this is still another instance in which we have heard from an appellee only after the case has been decided, we now withdraw the prior opinion and substitute this in lieu thereof so that we may have a vehicle by which we may express our disapproval of this type of appellate practice.*

■ We turn first to the suggestion of lack of jurisdiction since the jurisdiction of this court may be raised and decided at any stage of the proceeding, St. Louis Southwestern Ry. Co. of Texas v. Hall, 98 Tex. 480, 85 S.W. 786, 787 (1905), and a court without jurisdiction cannot render a valid judgment. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 1084 (1926). But, in making this late suggestion, the appellees have completely ignored the provisions of Rule 405, reading:

"Motions to dismiss for want of jurisdiction to try the case and for such defects as defeat the jurisdiction in the particular case and cannot be waived shall also be made, filed and docketed at said time [within thirty days after the filing of the transcript in the Court of Civil Appeals as provided in Rule 404]; provided, however, if made afterwards they may be entertained by the court upon such terms as the court may deem just and proper."

The course of action pursued by appellees is not to be encouraged by our taking a liberal view of the record which is offered in support of the contention now advanced. Nevertheless, our review of the record convinces us that the point is utterly untenable.

Appellees assert that we lacked jurisdiction to pass upon the appeal because the transcript and statement of facts were not

---

* Following our customary policy, we ordered that the original opinion in this cause not be published, relying upon Texas Rules of Civil Procedure, rule 452. The issues presented by the appeal are controlled by prior decisions and well settled rules of law so that the publication of the opinion in this cause would add only to the revenues of the law book publishers and to the expense of members of the Bar.

We have adopted this policy rather than resorting to the "memorandum opinions" authorized by the Rule. See in this connection "Problems of Precedent Affecting Court of Civil Appeals Opinions" by Simpson and Wall, 4 S.W. Law Journal 398, 426 (1950). The present opinion on the merits of the cause is that originally rendered with the non-publication order deleted.

filed within twenty days after the entry of the order overruling the plea of privilege as required in Rule 385(b). Had the question been raised upon original submission, we would have examined our records in detail, just as we now do in response to the jurisdictional challenge. We find that the order from which the appeal is taken bears a typewritten date of November 7, 1970, but appears to have been filed with the clerk on November 16; and for the purpose of this discussion, we will assume it was actually *entered* on the earlier date. Cf. Rule 306a.

Our record conclusively establishes that the notice of appeal and appeal bond were both timely filed and the record was deposited in the mails addressed to this court on November 25, 1970, as shown by the postmark upon the envelope. The clerk's office was closed during the Thanksgiving Holidays and the record was filed upon Monday, November 30, 1970. Our clerk properly filed the record under the provisions of Rule 5. See Roberts v. First National Bank of Killeen, 395 S.W.2d 420, 421 (Tex.Civ.App.—Austin, 1965, error ref. n. r. e.). Appellees' suggestion of a lack of jurisdiction is wholly without merit.

Appellees assert that we erred in our factual résumé of the case made the basis of our opinion. The facts which we recited are not disputed by references to the record, but by bold argumentative statements which we find lack support in the record. In so challenging our decision, appellees have failed to appreciate the sanctions of Rule 419, which, in clear and explicit language reads:

"Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party."

Appellees filed no brief, consequently, there was no challenge of the statements contained in appellant's brief; and we were authorized to accept as correct the statements contained in appellant's brief as to the facts and the record. Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App.—San Antonio, 1949, error ref.); Leavell v. Lincoln County Mut. Fire Ins. Co., 243 S.W. 2d 223, 225 (Tex.Civ.App.—Dallas, 1951, no writ); Zuniga v. Zuniga, 244 S.W.2d 270 (Tex.Civ.App.—San Antonio, 1951, no writ); Hammerstein v. Hammerstein, 269 S.W.2d 591, 592 (Tex.Civ.App.—Fort Worth, 1954, no writ); Rancher v. Franks, 269 S.W.2d 926, 927 (Tex.Civ.App.—Fort Worth, 1954, no writ); Bailey v. Parker, 305 S.W.2d 398, 399 (Tex.Civ.App.—Amarillo, 1957, no writ); Clement v. Frantz, 333 S.W.2d 190, 191 (Tex.Civ.App.—Amarillo, 1960, no writ); Works v. Wyche, 344 S.W.2d 193, 194 (Tex.Civ.App.—Dallas, 1961, error ref. n. r. e.); Coates v. Coates, 355 S.W.2d 260, 261 (Tex.Civ.App.—Eastland, 1962, no writ); McBee v. Moody, 358 S.W.2d 215 (Tex.Civ.App.—Eastland, 1962, no writ); Traweek v. Shields, 380 S. W.2d 131, 133 (Tex.Civ.App.—Tyler, 1964, no writ); American Casualty and Life Ins. Co. v. Boyd, 394 S.W.2d 685, 689 (Tex.Civ. App.—Tyler, 1965, no writ); Boucher v. City Paint & Supply, Inc., 398 S.W.2d 352, 357 (Tex.Civ.App.—Tyler, 1966, no writ); Cuellar v. Cuellar, 406 S.W.2d 510, 511 (Tex.Civ.App.—Corpus Christi, 1966, no writ); Calhoun v. Padgett, 409 S.W.2d 890, 891 (Tex.Civ.App.—Tyler, 1966, no writ); Agricultural Workers Mut. Auto Ins. Co. v. Dawson, 424 S.W.2d 643 (Tex.Civ.App.—Tyler, 1968, no writ); King v. Ivans, 429 S.W.2d 646 (Tex.Civ.App.—Tyler, 1968, no writ); Garza v. Salinas, 434 S.W.2d 153, 154 (Tex.Civ.App.—San Antonio, 1968, no writ); Lattin v. Martell, 452 S.W.2d 780, 781 (Tex.Civ.App.—Beaumont, 1970, no writ).

Having prevailed in the trial court, counsel for appellees owed the duty to his clients, the trial court, and to this court of presenting the case in a manner which would protect his clients' rights. By failing to file a brief or participate in the appeal before the release of the opinion of the court, the counsel waived his clients' right to challenge appellant's factual statement as to the contents of the record. We are

asked, in effect, to overlook Rule 419 and make an independent search of the record, when counsel, by compliance with the rule, should have pointed out any inaccuracies in the statements of appellant. Nevertheless, we have made such search and find no inaccuracies in the statements of appellant.

If counsel desired to participate in the decision-making process of this court, there were clearly marked guidelines laid down by our Supreme Court governing such participation. But, counsel, remaining silent when he should have spoken, has saved his efforts until after our opinion was released. This is, at best, a most ineffective exercise of the rights guaranteed by our rules of civil procedure.

Being of the opinion that our original determination was correct and that we made a proper disposition of the appeal, we now overrule appellees' motion for rehearing and again release our original opinion on the merits.

### Opinion on the Merits

Appellees sued in trespass to try title to recover certain lands situated in San Jacinto County, and other counties in the State. Appellant duly filed her plea of privilege to be sued in Williamson County, and her counsel delivered a copy of the plea to appellees' counsel on March 23, 1970, the same date the plea was filed with the District Clerk. Appellees did not file their controverting plea until April 21, 1970. The trial court overruled appellant's motion to strike the controverting plea and entered judgment overruling the plea of privilege.

In overruling the motion to strike the controverting plea, the trial court included the following language in the order:

"[The court] finds that such motion is not well taken for the reason that said plaintiffs filed their plea controverting defendant's plea of privilege in time in that defendant filed her plea of privilege on March 23, 1970, and plaintiffs had until ten days after appearance day, the

beginning of the next term of court, in which to file their controverting affidavit and plaintiffs filed their plea controverting defendant's plea of privilege prior to such * * *"

In the same order, the trial court overruled the plea of privilege, from which action this appeal is taken.

■ The trial court erred in overruling the plea of privilege since the controverting plea was not filed within ten days after the filing of the plea of privilege as provided in Rule 86. Our decision is controlled by Bell v. Jasper Lumber Corporation, 287 S.W.2d 746, 747 (Tex.Civ.App.—Beaumont, 1956, error dism.), wherein Chief Justice Murray, speaking for this court, held that amended Rule 86 now in effect required the filing of the controverting affidavit within ten days after the plaintiff's attorney received a copy of the plea of privilege. And, further, when no controverting affidavit was filed within the ten-day period, the district court "was without jurisdiction to enter any order other than" one transferring the cause. Accord: Farr v. Weeden, 308 S.W.2d 74, 75 (Tex.Civ.App.—Waco, 1957, no writ); Rogers v. Barbee, 359 S.W.2d 101, 103 (Tex.Civ.App.—Houston, 1962, no writ).

■ While appellees' suit was brought in the nature of a trespass to try title action, such does not alter the result which we reach. The provisions of Subdivision 14, Article 1995, relate to venue, and are not jurisdictional; and, relating to venue or privilege only, may be waived. Tunstill v. Scott, 138 Tex. 425, 160 S.W. 65, 69 (1945). The failure to file the controverting affidavit within the ten-day period required by Rule 86 was a waiver of the privilege. Bell v. Jasper Lumber Corporation, supra.

The trial court having committed error in overruling the plea of privilege, the judgment below is reversed and the cause is now remanded with instructions to enter an order sustaining the appellant's plea of

privilege and transferring the cause to the District Court of Williamson County, Texas. Rogers v. Barbee, supra.

Reversed and remanded with instructions.