**Wayne WAITS, Appellant,**

v.

**Murvale L. RICHARDS, Appellee.**

No. 4453.

Court of Civil Appeals of Texas, Eastland.

June 29, 1971.

C. J. Eden, Breckenridge, for appellant.

Elliott, Bevill & Clark, Tom Bevill, Breckenridge, for appellee.

COLLINGS, Justice.

This suit was brought by Murvale L. Richards against Wayne Waits to recover the alleged balance due on a note in the original amount of $2000, for interest, attorney's fees and for costs of suit. The case was submitted to a jury on special issues which were answered in favor of the defendant. Plaintiff's motion for judgment non obstante veredicto was granted by the court and Wayne Waits has appealed.

The record shows that the note sued upon, dated April 10, 1964, was in the principal sum of $2000 given as partial payment for 21,150 shares of common stock in a corporation known as Coleman County Projects, Inc.; that the corporation was the owner of a bowling alley establishment in Coleman County and that the 21,150 shares of stock were pledged by appellant Waits to secure the payment of said note. Appellee Richards had designated one M. W. Purcell as his agent to transfer such stock on the books of the corporation. Appellant Waits, at the time of the acquisition of the stock and bowling alley business, was married to JoAnn Waits. In 1965 appellant and his wife were divorced, and in the division of community property the 21,150 shares of stock in question were transferred by appellant to his wife, JoAnn Waits. There was evidence to the effect that in 1966 appellee Richards advised JoAnn Waits, the then owner of such stock and bowling alley business, that he, Richards, was taking over the bowling alley and the stock in the corporation; that at such time, JoAnn waits surrendered posses-

sion of the bowling alley business to appellee with the understanding that by giving up control of said business and the stock in said corporation, there would be a discharge of the debt evidenced by the note upon which appellee brought this suit.

The Special Issues submitted to the jury and the answers thereto were as follows:

" '1. Do you find from a preponderance of the evidence that the plaintiff, Murvale L. Richards, agreed with JoAnn Waits that the note in question would be paid in full by surrender of the possession of Laramel Bowling Business and by transfer of 21,150 shares of her stock in the Coleman County Projects, Inc., and to him?' and the answer of the jury to such Special Issue was, 'Yes.'

'2. Do you find from a preponderance of the evidence that the surrender of the possession of the Laramel Bowling Business was thereafter made by JoAnn Waits and to the plaintiff?' and the answer of the jury to such Special Issue was, 'Yes.'

'3. Do you find from a preponderance of the evidence that transfer of the 21,-150 shares of stock in said corporation was thereafter made by JoAnn Waits and to the plaintiff?' and the answer of the jury to said Special Issue was, 'Yes.' "

Appellee Richards filed his motion for judgment non obstante veredicto asserting that (1) there was no evidence of any agreement between him and JoAnn Waits that the note in question would be paid in full by surrender of the possession of the bowling business in question and by transfer of the 21,150 shares of stock in Coleman County Projects, Inc., to him, and that (2) there was no evidence that there was a transfer of the 21,150 shares of stock in said corporation from JoAnn Waits to appellee.

In appellant's first three points it is contended that the court erred in granting appellee's motion for judgment notwithstanding the verdict because (1) there was evidence to support the jury finding in answer to Special Issue No. 1 in the affirmative, (2) because there was evidence to support the jury finding to Special Issue No. 2 in the affirmative, and (3) because there was evidence to support the jury's finding to Special Issue No. 3 in the affirmative. In our opinion these points are well taken.

▮ We have examined the statement of facts and find that there is ample evidence to support the findings of the jury to each of the Special Issues as above set out. Appellant asserts the existence of such evidence in his brief and appellee has not challenged such statement in any manner upon this appeal. See Rule 419, Rules of Civil Procedure; Garza v. Salinas, 434 S.W.2d 153 (Tex.Civ.App.1968, no writ hist.). King v. Ivans, 429 S.W.2d 646 (Tex.Civ.App.1968, no writ hist.). Agricultural Workers Mutual Auto Insurance Company v. Dawson, 424 S.W.2d 643 (Tex.Civ.App.1968, no writ hist.).

In the case of Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, it was stated by our Supreme Court as follows:

" * * * to sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon."

Since there was evidence to support the findings of the jury on the material issues in the case the court erred in not granting judgment on the verdict.

The judgment is reversed and judgment is rendered for appellant that appellee take nothing in this suit.