## FRANK DUDA V. THE STATE.

No. 11299. Delivered April 18, 1928.

Rehearing denied May 16, 1928.

1.—Manufacturing Intoxicating Liquor—Bills of Exception—Incomplete—Present No Error.

Where, on a trial for manufacturing intoxicating liquor, numerous bills of exception complaining of the admission of evidence upon the trial, only set out the objections presented to the evidence without any verification as to the facts, same are insufficient and present no error.

2.—Same—Arrest Without Warrant—When Authorized.

There can be no question that officers had the right to arrest parties on appellant's premises whom they found drunk, and who, they had been informed, were also guilty of a felony, or to pursue and arrest men without a warrant whose commitment of a felony had been shown to them by satisfactory proof of credible persons, if there was reasonable ground for believing the offenders were about to escape, or there was no time to secure a warrant, and such facts may be proven and testimony establishing same is properly admissible.

3.—Same—Affidavit for Search Warrant—Held Sufficient.

Where the affidavit for a search warrant to search appellant's premises for intoxicating liquor states that the officers traced a drunk man to appellant's house and found therein a number of men, one of whom was appellant, having before them beer and intoxicating liquor, and that appellant had such liquor containers and instrumentalities for making liquor in his possession, such affidavit was sufficient.

ON REHEARING.

4.—Same—Right to Arrest Without Warrant—Rule Stated.

It is provided by statute, supported by an unbroken line of decisions of this court that it is the duty of an officer on being informed that a felony has been committed to pursue and capture the offender, if possible. Under this authority the officers were fully warranted in entering appellant's premises in the first instance, and of arresting the offenders and

the things observed by them while in the house were properly usable in securing a subsequent search warrant, nor would the fact that the parties arrested on the first entry were prosecuted for a misdemeanor affect the right of the officers to make the entry and the arrest. See Arts. 215 and 216, C. C. P. McFadden v. State, 300 S. W. 54, and other cases cited on rehearing.

Appeal from the District Court of Milam County. Tried below before the Hon. John Watson, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*B. P. Motacha* of Cameron, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor, punishment one year in the penitentiary.

Upon reliable information that certain drunk men were driving a car on the public streets, three officers searching for said parties observed in front of appellant's place a car bearing the number given them as that of the car so operated. Appellant's place was known locally as the Blue Gate, and upon observing the car the officers opened the door and entered the front room. They found two drunk men in the room, whom they arrested. Appellant and two others were present and all the party were asked to go to the courthouse, and went. The officers expressly disclaim having arrested appellant at that time, and there is no suggestion in the testimony of any of the others that he was so arrested. After getting to the courthouse it appears that an affidavit for search warrant was duly and correctly made, on authority of which a warrant was issued in the execution of which a search of appellant's premises was made and a quantity of mash, intoxicating liquor, and equipment for making same, were found.

Objection was made to the testimony of what was found as a result of said search. Eight bills of exception appear in the record, all substantially complaining of some phase of this question. Bill No. 1 was taken to the action of the court in allowing the sheriff to state what was turned over to him after the search, as a result thereof, the objection being based on the proposition that the original entry into appellant's house was illegal. The bill manifests no illegal entry. It shows nothing save that three officers opened the door to appellant's

residence and merely stepped in, and that they had no search warrant. The allegation of this fact merely presents the conclusion that the entry was illegal, and falls far short of the requirements in regard to bills of exception, that facts be stated which would make this court know the truth of the objection— in this case, that the entry was in violation of law. So, also, of bill of exceptions No. 2 which was taken to the admission of the testimony of the constable as to what was found in the house of appellant as the result of the search made under the warrant, which bill merely sets forth the objection made and fails to state any fact supporting the conclusion stated in such objections. The same thing is true of bills Nos. 3 and 5. Each of the above bills is approved with the statement that the court's qualification to bill of exceptions No. 7 must be considered as appended to them. The last named bill sets out that the officers entered appellant's house in search of men who had been reported as driving a car while intoxicated, and that the purpose of the entry was to find these men; that they were in appellant's house, and both were drunk; that the officers were not looking for appellant, nor anything in his house save said men. We are of opinion that the right of the officers to arrest without a warrant the men who were found drunk in their presence, cannot be denied, nor can their right be questioned to pursue and arrest without warrant men whose commitment of a felony had been shown to them by satisfactory proof of credible persons, if there was reasonable ground for believing the offenders were about to escape, or there was no time to procure a warrant. When the testimony objected to in this bill was offered, it evidently appeared to the trial court to be admissible for one or both of the above reasons, and we perceive no showing of any facts in the bill manifesting that the court was not correct in his conclusion. The bills were accepted with the qualification attached thereto by appellant. We think same shows no error.

Bills of exception Nos. 8 and 9 set out complaint of two witnesses that no probable cause was shown in the affidavit for search warrant, and hence the testimony of what was found by the search under the warrant issued thereon, was not admissible. Examination of the affidavit set out in each bill shows same to state as the facts upon which the affidavit was made—that the officers traced a drunk man to appellant's house and found therein a number of men, one of whom was appellant, having before them beer and intoxicating liquor, and that appellant had such liquor and containers and instrumentalities for making

liquor in his possession at such place. We think this a sufficient statement of the facts in said affidavit, and that the bill shows no error.

Bill of exceptions No. 10 was taken to the admission in evidence of the articles found by the officers in their search under the warrant. It follows from what we have said above that in our opinion the objection was without foundation, and that the bill has no merit.

Believing that no error appears, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing on the renewed contention that the officers were in appellant's house illegally at the time they obtained information upon which the subsequent affidavit for search warrant was predicated, and hence that no evidence discovered as a result of the search should have been admitted.

"Any person who drives * * * an automobile upon any street * * * of an incorporated city, town or village, or upon any public road or highway * * * while such person is intoxicated, shall be confined in the penitentiary for not more than two years, or be confined in jail for not more than ninety days, or fined not more than five hundred dollars, or be punished by both such fine and imprisonment in jail." (Art. 802, P. C.)

"* * * An offense which may—not must—be punishable by death or confinement in the penitentiary is a felony; * * *" (Art. 47, P. C.)

An intoxicated driver of an automobile in a place prohibited by Art. 802 (supra) may as an alternative punishment be sent to the penitentiary—hence one so offending has committed a felony. McFadden v. State, 300 S. W. 54.

"Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused." (Art. 215, C. C. P.)

"In each case enumerated where arrests may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant." (Art. 216, C. C. P.)

It is the duty of an officer on being informed that a felony has been or is being committed, to pursue and capture the

offender if possible, and in order to do so to secure all available information. Hill v. State, 37 Tex. Crim. Rep. 415, 36 S. W. 660; Cortez v. State, 47 Tex. Crim. Rep. 10, 83 S. W. 814. The foregoing general principles are fixed by our statutes and decisions. Under what circumstances did the officers enter appellant's house? The learned trial judge very clearly and concisely answers in his explanation appended to appellant's bill of exception No. 7, as follows:

"* * * the evidence showed that the witness, Sheriff L. L. Blaylock, and the other officers, had reliable information from two or three credible persons, that there were a couple of drunk men driving around the city of Cameron on the streets thereof, in a Ford automobile, and the number of the car in which they were driving was also given to the sheriff. Just as quick as the sheriff received this information, he started on a search for the men to arrest them, and in a short while located the Ford car with the number given him, parked in front of the defendant's house. That the sheriff and some of the other officers went inside the house of defendant to find and arrest the drunk men that they were looking for; they found them therein with some other parties, drinking beer, and two of the men were drunk. The defendant, Duda, was also present at the time. No search was made of the house or premises at said time, but the officers arrested the two drunk men and brought them to town before the magistrate, and filed complaints, and one of the men, viz.: Ray Gandy, pleaded guilty and was fined. The other men present at the house as well as the defendant, Duda, were brought to town at the same time. Later, and on the same afternoon and after the arrest as aforesaid, the sheriff and his deputy, Pope, sued out a search warrant and the premises were then searched for intoxicating liquors with the result as shown by the record. The court is of the opinion that the officers, after receiving the information of the drunk men as aforesaid, had a lawful right to pursue them and arrest them without warrant. * * * The matters and things in regard to intoxicating liquor which came under their observation at the time of the arrest of the drunken men, were legitimate and entitled them to sue out an affidavit for a search warrant to search the premises for intoxicating liquors as shown by the record, and the evidence was admissible."

The reasons given by the learned trial judge for admitting the evidence seem a complete answer to appellant's proposition. It would be useless to discuss the matter at length, it being sufficient to say that the officers were informed that the intoxi-

cated parties had been driving the car; they had a description of the car and its number and had been advised that a felony had been committed by the parties driving the car, which offense not only endangered the lives of the offenders themselves, but of innocent people upon the streets of Cameron. If they had a warrant for the arrest of the parties who had committed the felony unquestionably they would have a right to enter appellant's house for the purpose of executing the warrant. Instead of the warrant they had the information called for in Arts. 215 and 216, C. C. P., and while they might not have been informed that the offenders were about to escape, yet the circumstances of the commission of the felony were such that the officers were bound to have known that an escape could be easily effected; hence under the information imparted to them they had the same right to enter appellant's house for the purpose of arresting the parties as they would have had if armed with a warrant. The things observed by them while in the house were properly useable in securing a subsequent search warrant.

Appellant apparently attaches some significance to the fact that the parties who, while in an intoxicated condition had been driving the automobile upon the streets, were not proceeded against for a felony but only charged with and convicted of drunkenness. The fact that for some reason the authorities proceeded against the parties on misdemeanor charges rather than upon a felony charge would in nowise affect the right of the officers to pursue and arrest because of the commission of a felony.

The motion for rehearing is overruled.

*Overruled.*