GEORGE B. PARR, ET AL V. SANTIAGO CANTU, ET AL.

No. A-8053. Decided November 30, 1960.
(340 S.W. 2d Series 481)

*Archer Parr, O. P. Carrillo,* of San Diego, *Gerald Weatherly* of Laredo and *Floyd, Floyd & Dean,* of Alice for petitioners.

*Sam H. Burris,* of Alice, *Walter P. Purcell,* of San Diego, *Perkins, Floyd & Davis,* of Alice for respoondents.

PER CURIAM.

This case involves a contest of a Democratic Party primary nomination for the office of Constable of Precinct No. 4, Duval County, and contests of election of a County Chairman and four Precinct Chairmen of the Democratic Party, Duval County. The

contests were filed under and pursuant to the provisions of Arts. 13.30 and 13.43a, Vernon's Texas Election Code. In the course of deciding the case the Court of Civil Appeals has held all save the first paragraph of Art. 13.43a unconstitutional. One of the Justices dissented. See 338 S.W. 2d 182.

Petitioners assert that this Court has jurisdiction to review the decision of the Court of Civil Appeals under subdivision 1 of Article 1728, V.A.T.S. "because the judgment of the trial court in favor of Petitioners was reversed and rendered for Respondent by a two to one decision of the Judges of the Court of Civil Appeals" and under subdivision 3 of Article 1728, V.A.T.S., "for the reason that the Court of Civil Appeals, by a two to one decision, held Article 13.43a, Texas Election Code, unconstitutional."

Section 3 of Article V of the state Constitution, governing the jurisdiction of this Court, provides in part:

"* * * Until otherwise provided by law the appellate jurisdiction of the Supreme Court shall extend to questions of law arising in the cases in the Courts of Civil Appeals in which the Judges of any Court of Civil Appeals may disagree, or where the several Courts of Civil Appeals may hold differently on the same question of law or where a statute of the State is held void. * * * "

The general jurisdiction of The Supreme Court is prescribed by Article 1728, Vernon's Annotated Texas Statutes. Under the provisions of that Article this Court has jurisdiction of questions of law in cases (1) "in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision," in cases (2) "in which one of the Courts of Civil Appeals holds differently from a prior decision of another Court of Civil Appeals, or of the Supreme Court upon any question of law material to a decision of the case," and in cases (3) "involving the construction or validity of statutes necessary to a determination of the case." By the provisions of Article 1821, Vernon's Annotated Texas Statutes, jurisdiction of the Courts of Civil Appeals is made final in "All cases of contested elections of every character" except those in which (1) a contest for state office is involved, (2) the validity of a statute is questioned by the decision of the Court of Civil Appeals, (3) the judges of the Court of Civil Appeals have disagreed upon a question of law material to a decision of the case, or (4) the Court of Civil Appeals has held differently from a prior de-

cision of another Court of Civil Appeals or of the Supreme Court upon a question of law.

This Court would undoubtedly have jurisdiction in this case if Articles 1728 and 1821 were the only applicable statutes. It appears, however, that jurisdiction is denied to this court in cases of this character by Art. 13.30, Vernon's Texas Election Code. That article governs contests of party nominations and provides expressly that "The Supreme Court of Texas shall have no jurisdiction to review any election contest filed under this Act by writ of error, certified question, or any other manner." It thus appears that however important the question of law may be in a case governed by Art. 13.30, this Court has no jurisdiction to decide it; and it matters not that Courts of Civil Appeals may be in disagreement on the question, or that the judges in the particular case may be in disagreement as to a proper decision of the question, or even that the decision declares a statute unconstitutional and void. The quoted provision of Art. 13.30 represents a valid exercise of legislative power, Kidd v. Rainey, 95 Texas 556, 68 S.W. 507; Seale v. McCallum, 116 Texas 662, 287 S.W. 45, and it is not within the province of this Court to question its wisdom.

In so far as these contests are prosecuted under Art. 13.30, that Art. expressly denies to this Court jurisdiction to review the decision of the Court of Civil Appeals. Art. 13.43a, which provides a procedure for contesting an election of a County or a Precinct Chairman, provides: "Appeals shall lie from the orders of the court the same as though it were a contest for a place on a party ticket for public office." Thus in so far as the contests are prosecuted under Art. 13.43a, jurisdiction to review the decision of the Court of Civil Appeals is also denied to this Court by Art. 13.30.

The application for writ of error is dismissed for want of jurisdiction.

Opinion delivered November 30, 1960.