**F. M. McGEE, Appellant,**

v.

**W. H. GRISSOM, Appellee.**

No. 16410.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 21, 1962.

**894**

Shirley W. Peters, Denton, for appellant.

Joe H. Cleveland and Jack Lovette, Bowie, for appellee.

PER CURIAM.

This is an election contest. F. M. McGee and W. H. Grissom were run-off candidates for county commissioner in the second primary held on June 2, 1962. The election officers certified that Grissom received 397 votes and McGee 393. McGee filed this contest, and the district court found that 59 illegal votes were cast and ordered that 33 votes be subtracted from McGee's total and 26 from Grissom's total, leaving Grissom a majority of 11. McGee has appealed.

Appellant challenges the court's ruling in holding void 21 absentee votes because the medical certificate which was attached to each application for a ballot was obtained and completed and delivered fraudulently, based upon the following findings of fact and conclusions of law: the applications with the blank medical certificates attached thereto were brought to the certifying physician by appellant and his wife; the physician at the request and in the presence of appellant or his wife executed these certificates and delivered all of them to appellant or his wife; the physician is 77 years of age and has been retired for about 3 years; she has not made any calls or received any patients for more than 3 years; she was not the family physician of any of said voters, and had never at any time been the doctor for some of them; she had treated some of them "years ago" but was not able while testifying to remember the

persons she had treated; she had not seen any of said voters in over 3 years, and did not see or examine any of them when she executed these certificates and did not know of the disability or the specific reason why the medical certificates were executed; she did not have personal knowledge of the physical condition of any of said voters.

Until the amendment of Article 5.05 of the Election Code by House Bill No. 134, Acts of 1959, 56th Leg., p. 1055, ch. 483, V.A.T.S., it was held that the provisions of the absentee voting law were directory unless the Legislature had otherwise declared. Fugate v. Johnston, Tex.Civ.App., 251 S.W. 2d 792; Paredes v. Martinez, Tex.Civ.App., 264 S.W.2d 958. The caption of the amendment states that its purpose, among other things, is to define and prescribe additional requirements with respect to absentee ballots and the applications therefor; and the emergency clause recites that "The fact that the changes made by this Act will eliminate many of the abuses now prevailing in absentee voting creates an emergency and an imperative public necessity that the Constitutional Rule requiring bill to be read on three several days in each House be suspended, and this Rule is hereby suspended, and that this Act take effect and be in force from and after its passage."

The amendment provides that if the ground of the application for an absentee ballot be sickness or physical disability by reason of which the elector cannot appear at the polling place on election day, a certificate of a duly licensed physician or accredited Christian Science practitioner shall accompany the application. The certificate must be in substantially the following form: "This is to certify that I have personal knowledge of the physical condition of ———, and that because of sickness or physical disability—he will be unable to appear at the polling place for an election to be held on the ——— day of ———, 19—." The amendment further provides: "Any person who requests a physician to execute a certificate for an-

 

other person without having been directed by such other person to do so, and any physician who knowingly executes a certificate except upon the request of the voter named therein or upon the request of someone at the voter's direction, and any physician who knowingly delivers a certificate except by delivering it to the voter in person or by mailing it to the voter at his permanent residence address or the address at which he is temporarily living, shall be guilty of a misdemeanor and upon conviction shall be fined not more than Five Hundred Dollars ($500) or imprisoned in the county jail for not more than thirty (30) days, or both so fined and imprisoned."

It was not shown that any of the challenged voters directed appellant or his wife to request a medical certificate. None of them testified, and neither did appellant nor his wife.

 We have seen only two cases which have construed the absentee voting law, as amended. The first one of these is Farrell v. Jordan, Tex.Civ.App., 338 S.W.2d 269. In that case the court said: "Without reviewing the authorities, it is sufficient to say that they were all decided prior to the 1959 amendment of the statute and did hold the statute as to the manner of casting the vote, in the absence of fraud, was directory. If the statute were the same now as it was when the various cited cases were decided, we would hold the statute directory and require that the votes be counted. However, we are of the view that by the amendment in 1959 the Legislature made the manner of casting absentee votes mandatory and intended that if the statutory requirements were not complied with the votes were void and should not be counted."

The other case is Guerra v. Ramirez, Tex.Civ.App., 351 S.W.2d 272. There the requirements set out in the 1959 amendment as to opening, casting and counting absentee ballots were under consideration. The court said: "We feel that the provisions of Art. 5.05, Subd. 6, as amended in 1959, are mandatory, and to hold otherwise

would open the door to fraud and destroy the secrecy of the ballot."

 We do not believe that the ruling of the court in voiding the ballots, as challenged by appellant's first contention, was error.

Appellant also challenges the action of the court in holding void the votes cast by six persons because the application for each of them was not accompanied by a poll tax receipt or an exemption certificate, or an affidavit that such had been lost or mislaid, or that an exemption certificate was not required. In view of our holding on appellant's first contention, we think it is unnecessary to resolve the question presented by the second. If all six of these votes were cast for appellant and were counted, appellee would still have a majority of five.

The judgment is affirmed.