**Francisco GARZA, Appellant,**

v.

**Cesar SALINAS, Appellee.**

No. 14692.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 9, 1968.

McKeithan & Ellis, McAllen, for appellant.

**154**

Glenn H. Ramey, Frank R. Nye, Jr., Alex Gabert, Rio Grande City, Luther E. Jones, Jr., Corpus Christi, for appellee.

PER CURIAM.

This is a statutory election contest of the results of the Roma Independent School District trustee election on April 1, 1967. Four trustees were to be elected, and both the "Old Party" and the "New Party" in Starr County entered tickets of four candidates. The four Old Party candidates were certified as winners by the Board of Trustees after the official canvass of the returns, and the four New Party candidates filed this contest. After an extended hearing over a three-week period, involving several hundred challenged ballots, judgment was entered by the trial court declaring contestant, Cesar Salinas, and three of the contestees to be winners. Only contestee Francisco Garza has perfected an appeal and is appellant herein. No brief has been filed by appellee, Cesar Salinas.

The results as returned by the Board of Trustees and by the trial court after all adjustments were made are as follows:

| Contestees | Official Canvass | Trial Court |
|---|---|---|
| Virgilio H. Guerra | 1045 | 1051 |
| Arnulfo Guerra | 1044 | 1050 |
| Horacio Vela | 1018 | 1024 |
| Francisco Garza | 1011 | 1017 |
| Contestants | | |
| Cesar Salinas | 902 | 1020 |
| Vidala H. Gonzalez | 895 | 1015 |
| R. R. Guerra, Jr. | 887 | 1005 |
| Benigna Escobar | 877 | 996 |

The final recount of the trial court left appellant, Garza, three votes behind appellee, Salinas, and therefore it is necessary for appellant to gain or appellee to lose a total of four votes for the result to be changed. Appellant urges five points on this appeal, involving 92 challenges, although some votes are challenged for more than one reason.

■ The evidence consists of 1657 pages in the statement of facts, plus an additional 253 pages of exhibits. Since appellee has not filed a brief, presented oral argument, or challenged in any manner the statements in appellant's brief, same may be accepted on this appeal as correct. Rule 419, Texas Rules of Civil Procedure; Washington v. Clements, 399 S.W.2d 890 (Tex.Civ.App.— Fort Worth 1966, no writ; Clement v. Frantz, 333 S.W.2d 190 (Tex.Civ.App.— Amarillo 1960, no writ); Gonzales v. Gonzales, 224 S.W.2d 520 (Tex.Civ.App.—San Antonio 1949, writ ref'd). In view of the voluminous record in this case, we believe this to be a proper case to exercise such discretion, and we accordingly accept as true the factual statements contained in appellant's brief.

■ Approximately 130 absentee ballots rejected by the election officials were reinstated and counted by the trial court. The law presumes that each of the rejected ballots was cast by an illegal voter and the heavy burden was upon the party seeking to validate same in the trial court to show by clear and satisfactory proof that each of such voters was a legally qualified voter in every respect, and that each of said rejected ballots was properly cast. Guerra v. Pena, 406 S.W.2d 769 (Tex.Civ.App.—San Antonio 1966, no writ); Guerra v. Ramirez, 364 S.W.2d 720 (Tex.Civ.App.—San Antonio 1963, writ dism'd w. o. j.), and 351 S.W.2d 272 (no writ).

Appellant urges that the trial court erred in declaring valid the votes of Agapita A. Munoz and Francisca v. Sanchez because each voter failed to comply with the absentee voting law. The ballot of Mrs. Munoz was returned in a carrier envelope which was postmarked in Starr County and the affidavit on the carrier envelope was sworn to before a notary public of Starr County. Art. 5.05, Subd. 1(iii) of the Texas Election Code, Vernon's Ann.Civ.St., provides in part: "The ballot shall not be counted unless the envelope in which the application is received and the carrier envelope in which the ballot is returned to the clerk are each postmarked from a point outside the county and the affidavit on the carrier envelope is certified by an officer other than an officer of the county of the voter's residence." Mrs. Sanchez failed to sign the carrier envelope as required by Art. 5.05, Subd. 3b(3) of the Code. She thereby made it impossible for the election officials to compare the signature on the application with that on the carrier envelope as required by Art. 5.05, Subd. 6(b).

■ The Legislature has made the manner of casting absentee ballots mandatory, and the courts have held that if the statutory requirements were not complied with, the votes are void and should not be counted. Atkinson v. Thomas, 407 S.W.2d 234 (Tex.Civ.App.—Austin 1966, no writ; Guerra v. Ramirez, 351 S.W.2d 272 (Tex. Civ.App.—San Antonio 1962, writ dism'd); Farrell v. Jordan, 338 S.W.2d 269 (Tex. Civ.App.—Houston 1960, writ dism'd). The election officials properly rejected these two ballots and the trial court erred in counting them for appellee.

■ Appellant urges that the trial court erred in counting nine absentee votes which had been rejected by the election officials, in that appellee did not discharge his burden of proof, as there is not clear and satisfactory evidence that each of said nine voters was a resident of the school district in Starr County. Art. 5.08, supra, defines the "residence" of a single man as where he usually sleeps at night; that of a married man as where his wife resides, or if he be permanently separated from his wife, his residence is where he usually sleeps at night. See Mills v. Bartlett, 377 S.W.2d 636 (Tex. Dist. of Val Verde County v. Aldrete, 398 S.W.2d 597 (Tex.Civ.App.—San Antonio 1966, writ dism'd). A difficult question of residence is presented where the voter is married to a Mexican citizen living in a nearby Mexican city. See Guerra v. Pena, supra; Cavallin v. Ivey, 359 S.W.2d 910 (Tex.Civ.App.—El Paso 1962, no writ).

■ The voters Encarnacion Ramirez and Manuel Ramirez are both married to Mexican citizens who live in Miguel Aleman, Mexico. The children of each couple were born in Mexico and now attend school there. Both men work in Mexico, and their uncle testified that although they are citizens of the United States they live in Mexico. These two voters were not shown by clear and satisfactory evidence to be residents of the Roma Independent School District, and the trial court erred in ordering their votes counted for appellee.

These four absentee votes, which were rejected by the election officials, were improperly counted for appellee by the trial court and are sufficient to change the result of this contest. Little would be gained by a discussion of the other challenged votes, in that any conclusions thereon would necessarily be based only on the record before us at this time.

The judgment of the trial court is modified to declare that appellant, Francisco Garza, is elected trustee along with contestees Virgilio H. Guerra, Arnulfo Guerra and Horacio Vela. In all other respects the judgment is affirmed. The costs of this appeal are taxed against the appellee, Cesar Salinas.