Jose Maria **LONGORIA**, Appellant,

v.

Hector **LOZANO**, Appellee.

No. 15141.

Court of Civil Appeals of Texas, San Antonio.

Sept. 13, 1972.

------◆------

Glenn H. Ramey, Rio Grande City, for appellant.

Pope & Pope, Rio Grande City, Harvey L. Hardy, San Antonio, for appellee.

## PER CURIAM.

This is a primary election contest involving the nomination of the Democratic Party for the office of County Commissioner, Precinct 3, Starr County, Texas. The trial court concluded, after a lengthy hearing, that contestee, Hector Lozano, had received 648 votes to 618 votes for contestant, Jose Maria Longoria, and judgment was entered declaring contestee to be the nominee.

Contestant has timely perfected this appeal wherein he asserts by a single point that the trial court erred in holding valid the ballots of 74 voters over contestant's challenge that each of the voters' affidavits on the carrier envelopes did not state an authorized ground to vote absentee by mail. Specifically, it is urged that the voter was required to signify "expected absence from county" in his affidavit on the carrier envelope, and since these ballots state "absence from County" or "absence from State"[1], the trial court should have declared each such ballot invalid.

Article 5.05 of the Texas Election Code Annotated, V.A.T.S. regulates absentee voting in this State. Subdivision 1 thereof provides in part that any qualified voter who expects to be absent from the county of his residence on the day of the election, or who because of sickness, physical disability, or religious belief, cannot appear at the polling place on the day of the election may vote by his compliance with one of the two applicable methods provided for absentee voting. We are here concerned only with voting by mail, based on the first ground. To do so, a voter is required to make a written application to the clerk not more than sixty days before the election day, and state therein the address to which the ballot is to be mailed to him. Further, "The voter must state in his application that he expects to be absent from the county of his residence on election day and during the clerk's regular office hours for the entire period for absentee voting." The ballot must be mailed to the voter at an address outside the county, and shall not be counted ". . . unless the envelope in which the application is received and the carrier envelope in which the ballot is returned to the clerk are each postmarked from a point outside the county and the affidavit on the carrier envelope is certified by an officer other than an officer of the county of the voter's residence."

Subdivision 4 requires the voter, after marking the ballot, detaching the stub, and placing same in the carrier envelope, to ". . . sign and swear to the affidavit on the carrier envelope, which shall be certified by the notary public or other officer before whom the ballot is marked." Subdivision 3b, although relating directly to voting by personal appearance, provides the form of a "carrier envelope" and requires a printed affidavit on same in "substantially the following form:

"I, ——————, do solemnly swear that I am a resident of Precinct No. ——————, in —————— County, and am lawfully entitled to vote at the —————— election to be held in said precinct on the —————— day of ——————, 19—; that I am prevented from appearing at the polling place in

---

1. Sixty-six voters signed "absence from County" while eight gave "absence from State" as ground for voting absentee by mail.

said precinct on the date of such election because ————— (voter to signify sickness, physical disability, expected absence from county); that the enclosed ballot expresses my wishes, independent of any dictation or undue persuasion of any person; and that I did not use any memorandum or device to aid me in the marking of said ballot.

"————————————
(Signature of voter)"

It is seen that there is no legislative mandate with regard to the language in which the ground for voting absentee by mail is expressed as compared to the requirement that the carrier envelope must be postmarked from a point outside the county and the affidavit on the carrier envelope be certified by an officer other than of the county of the voter's residence. See Garza v. Salinas, 434 S.W.2d 153, 155 (Tex.Civ.App.—San Antonio 1968, no writ). Nevertheless, contestant urges that "absence from county" is entirely different from "expected absence from county" and therefore the challenged voters did not state an authorized ground to vote absentee by mail.

A very similar contention was rejected in Wood v. State ex rel Lee, 133 Tex. 110, 126 S.W.2d 4 (1939). The statute at that time authorized a voter ". . . who is absent from the county of his residence . . ." on election day to vote absentee.[2] Prior to the 1935 amendment the statute read ". . . expects to be absent . . ." and it was urged that by the 1935 amendment, the Legislature intended to void the absentee ballot of any person who was actually present in the county on election day. In rejecting this contention, the Supreme Court said: "In our opinion, the present statute should be given the same construction, as regards the matter under discussion, as the several statutes which existed prior to the time the phrase 'expects to be absent' was eliminated, and the phrase 'is absent' substituted." 133 Tex. at 116, 126 S.W.2d at 7. See also Eason v. Robertson, 288 S.W.2d 269 (Tex. Civ.App.—Waco, 1956, writ dism'd).

■ We conclude that where the voter's affidavit on the carrier envelope states that he is ". . . prevented from appearing at the polling place in said precinct on the date of such election because of absence from county . . .", the voter has signified an authorized ground for voting absentee. The trial court did not err in holding the 74 challenged ballots in question to be valid.

■ By cross-point, contestee complains of the action of the trial court in examining and recording the ballots found to be valid and thereby violating the secrecy of such ballots, although there was no charge in evidence of fraud. Since we have overruled contestant's single assignment of error, it is unnecessary to consider contestee's cross-points. Nevertheless, we call attention to the express provisions of Article 13.30(10), of the Texas Election Code Annotated, which authorize the court under very limited circumstances to reopen the ballot boxes; and even in such circumstances, the court is required to exercise all due diligence to preserve the secrecy of the ballots. See also Guerra v. Pena, 406 S. W.2d 769, 773 (Tex.Civ.App.—San Antonio 1966, no writ).

The judgment is affirmed. Because of the shortness of time before the ballots must be printed, any motion for rehearing must be filed within five days.

---

**2.** The amendment of 1959 changed the subdivision to read: "Any qualified elector of this State who expects to be absent from the county of his residence. . . . "