Manuel (Manny) RODRIGUEZ, Appellant,

v.

Richard D. (Rick) THOMPSON, Appellee.

No. 6577.

Court of Civil Appeals of Texas, El Paso.

Oct. 4, 1976.

Luis M. Segura, San Antonio, Alexander R. Gonzalez, Fort Stockton, for appellant.

Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Lucius D. Bunton, Odessa, for appellee.

## OPINION

### PER CURIAM.

This is an election contest involving the naming of the Democratic nominee for Sheriff of Presidio County. The trial Court determined that the Appellee received 999 legal votes and the Appellant 994 legal votes. We affirm after having reduced Appellee's count by two votes.

The trial Court disallowed 21 votes cast for Appellant and 12 votes cast for Appellee. The Appellant complains here only as to 6 of his votes which were disallowed. Five of these were disallowed because the voters lived with their families in Mexico and were determined not to be residents of Presidio County. His main complaint and 16 of his 21 points of error are with regard to votes counted for Appellee which he challenges.

■ The Appellee has presented a Motion to Dismiss for Want of Jurisdiction contending that the appeal was not timely perfected. Following the trial, the Presiding Judge signed a judgment in El Paso on June 28, 1976, which was filed with the District Clerk the next day. Article 13.-30(11) of the Election Code [1] requires that notice of appeal and an appeal bond be filed within five days after the contest is decided. Appellant contends since July 4 was on a Sunday and was a holiday, under Article 342–910a, Tex.Rev.Civ.Stat., Monday, July 5, was a holiday and that the filing on Tuesday, July 6, was timely. He relies upon *Blackman v. Housing Authority of the City of Dallas,* 152 Tex. 21, 254 S.W.2d 103 (1953). The holding in that case does not now apply for the reasons set forth in *Suarez v. Brown,* 414 S.W.2d 537 (Tex.Civ.App. Corpus Christi 1967, writ ref'd). Thus, we conclude that the notice and bond were not timely filed.

■ On July 12, 1976, Appellant filed a "Motion to Correct and Amend Judgment." After a hearing, the trial Court entered an order vacating the first judgment, and on July 15, 1976, entered a judgment which did not change the results but did take one more vote from those originally counted for Appellant and changed a recital as to the name of the office of the nominee from "Sheriff, Tax Assessor-Collector" to "Sheriff", for reasons hereinafter noted. After this judgment, timely notice of appeal and an appeal bond were filed by Appellant. The Appellee urges that the trial Court lost jurisdiction once the first judgment was entered and that this Court has no jurisdiction because timely procedures were not used to appeal from the first judgment. Although an election contest is a statutory procedure and Article 13.30(11) does provide for certification of results if no appeal is perfected in five days, we find nothing in the Election Code which terminates the trial Court's jurisdiction over its judgment before the end of a period of thirty days. *First State Bank and Trust Company of Port Lavaca v. Vector Corporation,* 427 S.W.2d 958 (Tex.Civ.App. Waco 1968, writ ref'd n. r. e.). In view of the entry of the second judgment, we conclude that *Bailey v. Clark,* 407 S.W.2d 520 (Tex.Civ.App. Fort Worth 1966, no writ), is not controlling. The motion to dismiss is overruled.

■ The Appellant initially contends that the trial Court erred in assuming jurisdiction because the notice for the contest as required by Article 9.03 was invalid. This provision of the law requires a contestant to give notice to "any one holding a certificate of election for any office * * *." In this

---

1. All references herein are to an Article of the Texas Election Code, unless otherwise noted.

case, the notice referred to the "nomination in the Democratic Primary for Sheriff of Presidio County, Texas * * *." Appel-. lant urges that under Article 8, Sec. 16 of the Texas Constitution, the office is that of Sheriff, Tax-Assessor and Collector and no notice was given to contest the office as stated in the Constitution. We conclude that under Article 5, Sec. 23 of the Constitution, there is the office of "Sheriff", and the duties of Tax-Assessor and Collector which are added by the subsequent Article do not change the office from that of "Sheriff". In fact, Article 8, Sec. 16 recognizes the position of "The Sheriff of each county, ⁰* * *." Also see Article 6865, Tex.Rev.Civ.Stat., which provides:

"The qualified voters of each county at each general election shall elect one sheriff for a term of two years."[2]

Appellant also urges that the notice is insufficient because it fails to state who the contested voters actually voted for in the primary election. We conclude that the notice which incorporated the petition and the grounds as set forth therein was sufficient where the petition did specifically state the grounds upon which each designated vote was to be contested. Point of Error Number One is overruled.

■ Appellant next asserts that the trial Court erred in excluding the affidavit of Nancy Fowlkes wherein an issue was raised as to her residence being outside Presidio County. The evidence supports the trial Court's finding that under Article 5.08(i) this young single lady who teaches in San Antonio and temporarily resides there is a permanent resident of Presidio County. Article 13.30(7) gives the trial judge wide discretion as to the admissibility of evidence, and we cannot say such discretion was abused in excluding the ex parte affidavit where no attempt was made to obtain the evidence by deposition, and no reason was given for not obtaining such evidence except in an ex parte procedure. *Jarrell v. Smith*, 360 S.W.2d 825 (Tex.Civ.App. Beau-

mont 1962, writ dism'd.). Point of Error Number Two is overruled.

■ The Appellant contends the trial Court erred in holding that Charles E. Shannon was a qualified voter in Presidio County. He is a U.S. Magistrate who resides in the Big Bend National Park. He owns a house in Marfa where he lived before becoming a U.S. Magistrate, and which he declares as his homestead. He has a bank account there, and has his car registered in Presidio County. Under Article 5.08(i), the residence of Mr. Shannon, as a government employee, is construed to be where his home was before he became such employee. Point of Error Number Three is overruled.

■ The next point asserts that Nancy Fowlkes and Gladys Jean Christopher, school teachers, and Carol Cross, a State employee, all of whom presently reside outside of Presidio County, are not qualified voters. Each of these young ladies graduated from high school in Marfa and left the County to attend college and then took jobs with governmental agencies. All have families in Presidio County, all have their cars registered there, and they only rent places where they presently live and work. We believe the evidence supports the trial Court's findings. under Article 5.08(i) that they are residents of Presidio County, and that the provision of 5.08(e) which makes a person's residence where he usually sleeps at night, is not absolute and controlling where there is no indication of an intent to abandon the long residence in the County where they voted. Point of Error Number Four is overruled.

■ The fifth point attacks the trial Court finding that Jerry Lumm and Jeannette Lumm were qualified voters in Presidio County. They apparently moved out of the County about the time of the election. Mr. Lumm voted absentee on the grounds that he would be out of the County on election day. Mrs. Lumm did vote in

---

2. In 1954, Article 5, Sec. 23 of the Texas Constitution was amended to provide for a four year term of office.

person, after having earlier applied for an absentee ballot. The absentee ballot was returned unmarked after the election. There was evidence that the utilities were turned off in their house the day before the election, and that they now live in Alice, Texas. There was no testimony as to exactly when they moved. Mrs. Lumm obviously was present to vote on May 1, 1976, and had not left the County at that time. There being no conclusive evidence of their actual moving prior to the date of the election, the challenge cannot be sustained. Point of Error Number Five is overruled.

The next point alleges that Captain Daniel Dunlap and his wife, Ann Christopher Dunlap, were not qualified voters. Daniel and Ann were married while students at Texas A & M. Daniel was from Amarillo and Ann from Presidio County. He received his commission in the Air Force immediately upon graduating, and has been in the service ever since, being stationed in Florida at the present time. They do not own any property, and have always rented a place where he has been stationed. While he was overseas, Ann stayed with her parents in Presidio County. They have spent time with both of their parents while on furlough, but always voted in Presidio County since their marriage several years ago. Under Article 5.08(i), as an officer of the United States his residence is where his home was before he became such officer, unless he has become a bona fide resident of the place where he is in government service or some other place. The evidence supports the trial Court finding that he established his residence in Presidio County and was qualified to vote there. Under Article 5.08(h), the residence of a married woman is considered to be the place where her husband has his residence. Since Ann has returned to her home during the times her husband was overseas, we conclude that she remains a resident of Presidio County. We overrule Point of Error Number Six.

The following point attacks the vote of Mrs. Ronnie (Cherry) Webb, contending she was not a registered voter in Presidio County. Mrs. Webb testified that her husband was a resident of the County. He had divorced his prior wife, Toni, and married Cherry in January, 1976. She moved from Alpine to Presidio County in February, 1976. She received in the mail a voter registration, although acknowledging that she did not register to vote and her husband testified he did not register her. There was no way to tell whether the registration addressed to "Mrs. Ronnie Webb" may have resulted from the registration of the divorced wife. Article 5.02a requires that a person comply with the registration requirements of the Election Code to be a qualified voter. Article 5.13a, Subdivision 1, requires that each applicant shall submit a written application to become an eligible voter. The only evidence in the record is that neither this voter nor her husband registered for her. Appellee urges that perhaps Cherry Webb's father or mother may have registered for her. There is no evidence that they did so, nor that they were qualified electors of the County who could register for her as her agent. The point of error is sustained, and one vote is subtracted from those counted for the Appellee.

Appellant next challenges the vote of D. M. Cordero because he was convicted in 1939 of driving while intoxicated, which at that time was a felony, and there was no proof that his civil rights have been restored. The challenge is sustained. *Duda v. State*, 109 Tex.Crim. 573, 6 S.W.2d 115 (Tex.Crim.App.1928, no writ); 16 Tex. Jur.2d Criminal Law, Sec. 25, footnote 9. Appellee urges that the voter only received a suspended sentence. The record reflects that Mr. Cordero did receive a suspended sentence on a charge of assault with intent to murder. There is no evidence and the trial Court did not find a suspended sentence on the conviction of DWI. Thus, there is evidence of a final conviction of a felony which makes the challenge good. Article 5.01. Point of Error Number Eight is sustained. One vote is subtracted from those counted for Appellee.

Appellant next attacks the trial Court's holding that Isabel Yates was a

qualified voter. Because of a physical disability and being over 65 years of age, a ballot was taken to her in a car outside the courthouse where she voted during absentee voting. The Court did not find any improper influence, and in fact concluded that no one assisted her in the actual voting. We believe the vote should be counted. *Paredes v. Martinez*, 264 S.W.2d 958 (Tex.Civ.App. San Antonio 1954, no writ). Point of Error Number Nine is overruled.

A challenge is next made as to three absentee votes where it is contended the application was made more than sixty days prior to the election, and more than one reason was given for voting absentee. Mrs. Blackwell's application was postmarked February 29, 1976. It apparently was received by the Clerk within a day or two, although no one recalled the exact date. This would have been either the 61st or the 60th day before the election. We believe the vote was properly counted, since the evidence failed to conclusively establish the challenge. The application of Pamela Jean Peiser properly shows absence from the County as grounds for her absentee vote, and it was properly counted. The application of Joel Quick showed an address of Laughlin Air Force Base under the grounds of absence from the County, and the trial Court properly counted the vote, although he did not strike out the other two listed grounds for an absentee vote. Point of Error Number Nine is overruled.

Next, it is urged that C. K. Smith and wife, Mary Smith, were not qualified voters. Their applications for an absentee ballot also listed three grounds and they did not strike any of the grounds and listed a mailing address on the blank provided under each of the three printed grounds for absentee voting. The trial Court found that there was no evidence that the applications were not valid on at least one of the grounds stated. Those findings are sustained. Point of Error Number Eleven is overruled.

Appellant contends that Dolores Guevara, Gaspar Guevara and Mrs. R. S. McCracken were not qualified voters be-cause their applications for absentee ballots were defective. In each case, the application set forth "religious belief" as a grounds for absentee voting and this was not stricken out on the application. On all three applications the Clerk wrote in "over 65" to show a ground permitted by statute which had not been printed on the application. Article 5.05, Subdivision 1(c)(i). The trial Court concluded that each application was in substantial compliance with the law and counted the votes. We agree with that determination of the issue. Point of Error Number Twelve is overruled.

It is asserted that Linda Mae DeVolin and Thomas Dan Newsome were not qualified voters. The application of each of these voters contains three grounds for absentee voting, none of which are stricken out. Again, the trial Court concluded that there was a substantial compliance with the law and counted the votes. We agree. It is also asserted that Linda Mae DeVolin was not a legal resident. Her father testified she had lived in Marfa all her life and had no other permanent residence. Point of Error Number Thirteen is overruled.

Appellant next challenges the absentee vote of Mr. and Mrs. Hoyle Cooley and Elizabeth Newton, each of whom voted absentee by personal appearance. The reasons appearing on their applications were "Out of town (State)", "Being out of the county", and "vacation". We conclude, as did the trial Court in its findings, that these reasons constituted a substantial compliance with the provisions of Article 5.05, Subdivision 1(c)(iii), which sets forth the ground of "expected absence from the county". *Longoria v. Lozano*, 485 S.W.2d 308 (Tex.Civ.App. San Antonio 1972, no writ). Point of Error Number Fourteen is overruled.

The next attack is upon the vote of eight persons whom Appellant asserts failed to comply with Article 5.05, Subdivision 2(b), because there was a failure to attach a copy of their voters registration certificate to the application for an absentee ballot. As to one ballot only, that of Mrs. McCrack-

en, there is affirmative testimony that the registration was not enclosed. There is no evidence in the record that the alternatives to returning the registrations were not complied with and the trial Court's findings of substantial compliance as to each vote is affirmed. Point of Error Number Fifteen is overruled.

■ Appellant challenges G. W. Adams as a qualified voter because there is no certificate of physical disability attached to the application for an absentee ballot. The grounds in the application form also state "religious belief", and the trial Court properly held that there is no evidence that this ground for an absentee ballot was not applicable. Point of Error Number Sixteen is overruled.

■ Appellant attacks the vote of Efrain Soza and wife, Guadalupe Soza, because they were registered in the wrong precinct. They had both lived in Presidio at one time, but were living with her parents in Redford when they registered to vote. Both of these voters testified that they were told and believed that they had to register in Presidio because they had lived there at one time. They voted there believing that was where they were to vote. There is no evidence they intentionally gave false information to procure a registration in the wrong precinct, although they were mistaken about the matter because of misinformation given to them. Under Article 5.16a, Subdivision 2, their votes were properly counted. Point of Error Number Seventeen is overruled.

■ The next point asserts that the trial Court erred in disqualifying the vote of Eluterio Valles because he lives with his wife in Mexico. At one time he rented a house in Presidio, but has not done so for the past four or five years. During these past several years, he has stayed with his wife in Ojinaga. We conclude that under Article 5.08(f) the trial Court properly held that he was not a resident qualified to vote. Point of Error Number Eighteen is overruled.

Point of Error Number Nineteen presents the same basic contention as to three other voters as was made in the contention of Mr. Valles. The evidence clearly indicates that all three live with their wives and families in Mexico and are not residents of Presidio County. Point of Error Number Nineteen is overruled. *Garza v. Salinas*, 434 S.W.2d 153 (Tex.Civ.App. San Antonio 1968, no writ).

The same contention is made in Point of Error Number Twenty with regard to Jose Saenz, who is a single man who resides with his family in Ojinaga. The evidence clearly supports the trial Court finding that he was not a resident qualified to vote in Presidio County. Point of Error Number Twenty is overruled.

■ Appellant's last point asserts that the trial Court erred in deducting from his total votes the vote corresponding to the unsigned stub No. 2660, which the Court concluded was the vote cast by Patricia Shurley. In its findings, the Court concluded that this young lady, who was divorced and has lived in Dallas for three years, is not a resident of Presidio County. We conclude that such finding was proper under Article 5.08(e).

The Appellee presents four cross points contending that the trial Court erred in invalidating certain votes which either were or he believes would have been favorable to him, some being absentee ballots which were not opened or counted by the trial Court. Our determination of the Appellant's points of error make it unnecessary for us to pass upon these cross points and they will not be considered.

Having disallowed two votes counted for the Appellee by the trial Court, we conclude that the Appellee was the duly elected Democratic nominee for Sheriff of Presidio County, having received 997 votes, three more than the total received by the Appellant. In view of the necessity that printed ballots be printed forthwith, no motion for rehearing will be entertained. The Clerk of the Court will issue the mandate forthwith, since the Texas Supreme Court is without jurisdiction to review election contest. Ar-

ticle 13.30(12); *Parr v. Cantu*, 161 Tex. 296, 340 S.W.2d 481 (1960).