William H. **KELLEY**, Appellant,

v.

Jose "Scotty" **SCOTT**, Jr., Appellee.

No. 08–86–00299–CV.

Court of Appeals of Texas, El Paso.

May 27, 1987.

Rehearing Denied June 24, 1987.

Ann Crawford McClure and Edward C. Hughes, El Paso, for appellant.

Philip E. Mullin, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

This is an election contest case centering on a late absentee ballot. Although involved is the April 5, 1986, Anthony municipal election for Alderman, the parties did not have this appeal at issue until almost a year later. We reverse and render.

Appellant (plaintiff below) and Appellee were candidates for the position of Alderman, Place Four, Precinct One. Appellant was initially declared the winner. Follow-ing a recount requested by Appellee, he was declared the winner by a vote of 191 to 190.

Since our determination of the second point is dispositive, our consideration will be limited to the essential portion of that issue. Appellant urges that the trial court erred in finding that no illegal votes were counted. In view of the vote of 191 to 190, the single late absentee ballot of Mrs. Ramirez is critical and is the basis of our decision.

Mrs. Ramirez was hospitalized the night before the election. The town clerk went to the hospital and remained outside the room while Mrs. Ramirez voted. The trial court found that both sides agreed that it was unknown for whom she voted. No certificate accompanied the application for the late absentee ballot.

Tex.Elec.Code Ann. sec. 102.002 (Vernon 1986) expressly provides, in pertinent part, that an application for a late absentee ballot must comply with the applicable provisions of Section 84.002 of the same code and must include or be accompanied by a certificate of a licensed physician, chiropractor or accredited Christian Science practitioner. The question here is whether the provision is mandatory or directory. In *McGee v. Grissom*, 360 S.W.2d 893 (Tex. Civ.App.—Fort Worth 1962, no writ), the court held the predecessor article to be mandatory. The present provision is essentially the same, except the word "shall" has become "must." See also: *Garza v. Salinas*, 434 S.W.2d 153 (Tex.Civ.App.—San Antonio 1968, no writ), and *Atkinson v. Thomas*, 407 S.W.2d 234 (Tex.Civ.App.— Austin 1966, no writ) (Both courts found the manner of casting absentee ballots mandatory.). Generally, performance of duties imposed upon election officials is directory, unless made mandatory by statute. Those placed upon voters are mandatory. *Prado v. Johnson*, 625 S.W.2d 368 (Tex.Civ.App.—San Antonio 1981, writ dism'd), and *Fuentes v. Howard*, 423 S.W.2d 420 (Tex.Civ.App.—El Paso 1967, writ dism'd). The general rule of interpretation is that the election laws are to be construed as directory in the absence of

fraud or a mandatory provision which requires the voiding of a ballot for failure to comply with its provisions. *Stotler v. Fetzer*, 630 S.W.2d 782 (Tex.App.—Houston [1st Dist.] 1982, writ dism'd).

■ Tex.Elec.Code Ann. sec. 84.001(d) (Vernon 1986) provides that "[a]n absentee ballot voted by a person who has not made an application as provided by this title may not be counted." The test of *Stotler* is therefore satisfied since there is a provision requiring the vote not be counted if application procedures are not followed. The section in question is part of Title 7 and the application process. Section 102.-002, *supra.*

■ Appellee argues that there was substantial compliance with the required procedure due to the fact the town clerk was outside the hospital door and everyone knew Mrs. Ramirez was ill. As a general rule, election provisions deemed mandatory in nature permit no application of the substantial compliance rule. *Branaum v. Patrick*, 643 S.W.2d 745 (Tex.App.—San Antonio 1982, no writ). Appellee further argues there must be some evidence of fraud to set the vote aside. Their reliance is placed on the case of *Guerra v. Pena*, 406 S.W.2d 769 (Tex.Civ.App.—San Antonio 1966, no writ). In *Guerra*, the court refused to go behind allegedly improper ballots because the contestants did not make a prima facie case of illegality. In the case at hand, it is undisputed and of record that Mrs. Ramirez did not have the certificate as required.

■ To reverse the judgment below, it is necessary to show that this irregularity materially affected the outcome. *Kennelly v. Gates*, 406 S.W.2d 351 (Tex.Civ.App.—Houston 1966, no writ). Here, Appellee won the election by one vote. Tex.Elec. Code Ann. sec. 221.009(b) (Vernon 1986) provides that if the number of illegal votes is equal to or greater than the number of votes necessary to change the outcome of an election, the tribunal may declare the election void without attempting to determine how the individual voters involved voted. Since one vote can change the outcome of the election in question, it was not necessary to show how Mrs. Ramirez cast her vote.

Point of Error No. Two, as it relates to the late absentee ballot of Mrs. Ramirez, is sustained, and we need not consider the remaining aspects of that point nor the other two points.

Accordingly, the order is reversed and judgment rendered declaring void the election of April 5, 1986, for Alderman, Place Four, Precinct One, Town of Anthony, El Paso, Texas.