Danny R. SIMMONS, Appellant,

v.

Tommy JONES, Appellee.

No. 08–92–00126–CV.

Court of Appeals of Texas, El Paso.

Sept. 2, 1992.

Michael McLeaish, Odessa, for appellant.

C.H. Hal Brockett, Jr., Brockett & Linde-mood, Midland, for appellee.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

**PER CURIAM.**

This is an election contest. In the 1992 general primary election for the Office of Sheriff of Crane County, there were two candidates for the Democratic nomination: Danny R. Simmons and Tommy Jones. The initial vote count reflected that Jones won by 5 votes out of 1691 votes cast. A recount gave Jones the election by a vote of 847 to 845. Following an election contest, the trial court declared Jones the winner by a count of 846 votes to 843 votes for Simmons. We affirm.

### Facts

The controlling facts in this case are not in dispute. In the Findings of Fact made by the trial court, which are not attacked by any point of error, the court found that three voters were disqualified to vote, that one voter whose qualifications were attacked was qualified to vote and that one voter voted twice. The trial court subtracted the votes of two persons who were on probation for felony offenses. Each candidate lost one vote because of these voters' disqualification. In addition, Simmons lost one vote because one person voted for him who was not a citizen of the United States. The trial court accepted the testimony of each of these three people as to whom they had voted for in the election for sheriff and made findings in that regard.

The court also found that one voter voted both in the early voting before election day and again on election day. The court could not determine how she voted. In addition, two ballots were counted that did not have the presiding election judge's signature on the back of the ballot. Finding no fraud, those two ballots were counted. Having reduced the recount vote for Simmons by two votes and the recount vote for Jones by one vote, Jones was declared the winner by the vote of 846 to 843.

### Point of Error

By a single point of error, the Appellant contends the judgment declaring Jones the winner of the Democratic Primary Election for the Office of Sheriff of Crane County

does not reflect the will of the qualified and registered voters of the county.

### Discussion

█ We recognize that there is a presumption in favor of the validity of a vote cast. *Cavallin v. Ivey*, 359 S.W.2d 910 (Tex.Civ.App.—El Paso 1962, no writ). The burden of proving illegality in an election contest is on the contestant who must prove that illegal votes were cast in the election being contested and that a different result would have been reached by not counting the illegal votes. *Medrano v. Gleinser*, 769 S.W.2d 687 (Tex.App.—Corpus Christi 1989, no writ). As a matter of policy, the declared election results should be upheld unless there is clear and convincing evidence of an erroneous result. *Chumney v. Craig*, 805 S.W.2d 864 (Tex. App.—Waco 1991, writ denied).

The argument is made that the trial court did not properly apply the provisions of the Election Code after finding certain voters were disqualified and that a new election should be ordered. We disagree. The trial court had two procedures to consider under the Election Code. Appellant relies upon Tex.Elec.Code Ann. § 221.009(b) (Vernon 1986) which provides "[i]f the number of illegal votes is equal to or greater than the number of votes necessary to change the outcome of an election, the tribunal may declare the election void without attempting to determine how individual voters voted." Appellee relies upon Subsection (a) of the same section which states "(a) A voter who cast an illegal vote may be compelled, after the illegality has been established to the satisfaction of the tribunal hearing the contest, to disclose the name of the candidate for whom he voted or how he voted on a measure if the issue is relevant to the election contest." In this case, the trial court chose to apply Section 221.009(a) and to then subtract the votes that were cast by persons who were not qualified voters as provided by Section 221.011 of the Election Code.

The Court in *Oliphint v. Christy*, 157 Tex. 1, 299 S.W.2d 933 (1957), noted that legal voters may not be compelled to disclose how they voted, but that it does not follow that illegal voters enjoy the same privilege. The Court said it follows that an illegal voter can be compelled to disclose for whom he voted and concluded that "[t]he ballot of the illegal voter is not to be counted and is not to be considered as a vote in any way." *Id.*, 299 S.W.2d at 939. This Court followed that same procedure in *Rodriguez v. Thompson*, 542 S.W.2d 480 (Tex.Civ.App.—El Paso 1976, no writ).

### Convicted Felons

█ In the *Rodriguez* case, we recognized that a person convicted of a felony was not a qualified voter. That disqualification remains in the Election Code. *See* Section 11.002(4). We conclude the trial court correctly subtracted the votes of the two voters who were disqualified because of felony convictions.

### United States' Citizenship

Likewise, Election Code, Section 11.002(2) defines a qualified voter as a person who is a United States' citizen. The trial court correctly subtracted the vote of the person who was not a United States' citizen.

### Double Vote

█ The trial court found that one elderly lady voted in the early voting and having forgotten about that vote, she voted again on election day. Although she testified that she could not recall who she initially voted for, she said that on election day she voted for Mr. Simmons. The court found that it could not determine if she voted in the race for sheriff with her first ballot and could not determine how she voted on election day. If there was a one vote difference between the candidates, that one erroneous vote would require a new election. *Kelley v. Scott*, 733 S.W.2d 312 (Tex. App.—El Paso 1987, writ dism'd). In this case, the court determined that Jones won by three votes. Thus, the trial court's inability to determine if more than one vote was cast, or how the votes were cast, does not result in reversible error.

### Resident of County

A question arose as to whether one voter was a resident of Crane County or Lubbock County at the time he voted. This voter actually voted in the early voting and at that time he had been in Lubbock on a temporary basis caring for his mother who was hospitalized there and he was separated from his wife who lived there. He was receiving his mail in Crane and intended for that to be his permanent residence. He was not registered to vote in Lubbock County. The trial court found he was a qualified voter. The Appellant argues that under the holding in *Garza v. Salinas*, 434 S.W.2d 153 (Tex.Civ.App.—San Antonio 1968, no writ), the residence of a married man is where his wife resides, but the Court in that case said if he is separated from his wife, his residence is where he usually sleeps at night. The Election Code, Section 1.015 defines "residence" as one's home and fixed place of habitation to which he intends to return after any temporary absence. Certainly, the voter's intention was material to a proper determination of the voter's residence requirement. *Mills v. Bartlett*, 377 S.W.2d 636 (Tex.1964); *Hogg v. Waddell*, 42 S.W.2d 488 (Tex.Civ.App.—El Paso 1931, no writ). There is some evidence to support the trial court's finding.

### Ballots Without Signature

Election Code, Section 62.008(a) provides that the presiding judge's signature shall be placed on the back of each ballot to be used at the polling place. Paragraph (c) of the section states that an unsigned ballot may not be made available for selection by the voters. This provision has been held to be directory only and that ballots could be counted notwithstanding that they were not signed by the presiding judge. *Davis v. Walcott*, 96 S.W.2d 817 (Tex.Civ.App.—San Antonio 1936, writ dism'd). That case was decided based upon a failure to sign absentee ballots where the voter was not charged with the responsibility of seeing that the presiding judge performed his duties of signing the ballot. But, at the time that case was decided, Article 3018, Texas Revised Civil Statutes contained a mandatory provision that the unsigned ballot not be counted. When the Election Code was passed in 1951, its counterpart was Article 8.21. That statute provided that in the absence of fraud, the mere failure of the presiding judge to sign the ballot shall not make any such ballot illegal. Finally, the current provision of the Election Code, Section 62.008 only provides the directory language requiring the presiding judge's signature shall be placed on the back of the ballot. There is no suggestion that without that signature, the ballot is illegal or void. Without any mandatory language, we reach the same results in regard to a regular ballot as the Court reached in *Davis v. Walcott* concerning absentee ballots. This result is in accordance with our holding in *Kelley v. Scott*, 733 S.W.2d 312 that performance of duties imposed upon election officials is directory, unless made mandatory by statute.

The Election Code in Section 65.010 states that certain ballots should not be counted and includes those unnumbered or without the signature of the presiding judge provided it is determined that the ballot was not provided to the voter at the polling place. In this case, the evidence did not establish that condition. The number of ballots counted equaled the number of names on the register. There was testimony that the unsigned ballots were not brought in from any other place. The two unsigned ballots were properly counted for Jones.

### Conclusion

The Appellant did not meet his burden of proof in the trial court to have the declared results of the election overturned. We find no error in the trial court's judgment which declared Tommy Jones the winner of the general primary election for the Office of Sheriff of Crane County, Texas. The Appellant's point of error is overruled. The judgment of the trial court is affirmed. Any motion for rehearing must be filed with the Clerk of this Court by 12 noon, Mountain Standard Time, September 4,

1992. *See* Election Code, Section 232.-014(e).